# Richmond

## JOHN Q. ADAMS v. PLAZA THEATRE,. INC.

June 9, 1947.

Record No. 3205.

Present, All the Justices.

The opinion states the case.

*William G. Maupin,* for the plaintiff in error.

*A. A. Bangel* and *Thomas H. Willcox,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

John Q. Adams brought an action of unlawful detainer in the trial court against the Plaza Theatre, Incorporated, for the recovery of the possession of premises known as Plaza Theatre, 607 Colley Avenue, in the City of Norfolk. A jury trial was had and a verdict was found in favor of the defendant which became effective by the judgment of the trial court.

The plaintiff had become the owner of the premises in 1940. He acquired the property from Ghent Theatre Corporation which had made a lease with the Plaza Theatre, Inc., for a term of ten years beginning May 20, 1936, and ending May 19, 1946. This lease passed with the property to the plaintiff.

The lease provides that unless written notice of intention to terminate is given by the lessor to the lessee or by the lessee to the lessor at least ninety days before the end of the

term it would renew itself from year to year. The dispute here is whether or not the lessor did give the lessee the required written notice to terminate the lease. The defendant held over after May 19, 1946, the expiration date of the lease, and refuses to surrender possession to the owner, claiming that it never received any notice that the lease would be terminated.

The premises are used by the defendant for the purpose of showing moving pictures. One Robert Levine, an officer of the defendant corporation, was and is in active control of its business affairs. He seems to operate other moving picture houses in Norfolk and Portsmouth under other names. His office was at the Colony Theatre in Portsmouth.

The real estate firm of Schofield and Herman have represented the plaintiff since the time that he acquired the property on February 17, 1940, and they have been in charge of the collection of rents and other details.

On July 25, 1944, on the letterhead of the Colony Theatre, Portsmouth Virginia, Robert Levine inquired of Schofield and Herman, the agents, if he could negotiate a new lease with the owner for the Plaza Theatre property or if he could extend the present lease. He was informed that the matter could not be discussed at that time which was some twenty-one months before the current lease expired. On September 1, 1945, more than six months before the expiration of the lease, Schofield and Herman, through A. S. Herman, claim to have written the following letter to Robert Levine, a copy of which was introduced in evidence:

"Confirming our telephone conversation of this date we hereby advise you that the owner has instructed us that your lease on the Plaza Theatre, Norfolk, Virginia, will not be renewed at its expiration. Should there be any change in this decision we will be pleased to advise you."

Robert Levine denied that this letter had ever been received by him. The defendant also introduced three of its clerical workers whose duty it was to receive and distribute the mail as it came in, and they testified that they

could not recall ever having seen the letter of September 1, 1945.

Herman, the writer of the letter, testified unequivocally that he typed the letter himself and mailed it in the Norfolk postoffice on September 1, 1945. He further testified that he placed the return address of Schofield and Herman, 116 West York Street, Norfolk 10, Virginia, on the envelope and that the letter had never been returned.

The crucial point in the case is whether Robert Levine received the letter of September 1, 1945. If he did then the plaintiff was entitled to the possession of the premises. If he did not receive it the plaintiff was not entitled to the premises.

Herman, when testifying, said that Robert Levine had called him on the telephone on the day the letter was written with reference to extending the lease and that accounted for the language in the letter, "confirming our conversation of this date". He also testified that he told Levine that no extension could be granted. Levine denied that any such conversation ever took place.

Herman further testified that in the latter part of September, 1945, Levine again called him on the telephone and acknowledged receipt of the letter of September 1, 1945, and inquired if there had been any change in the situation and if there were any possibility of a new lease. Levine denied that this conversation took place. Herman also testified that in January or early February, 1946, Levine called him again stating that he was building a new theatre and that he must know within thirty days whether he could extend his tenancy of the plaintiff's property because, if he could, certain changes would have to be made in the new building. Levine denied that this conversation took place. However, Herman was supported in the fact that he had a telephone conversation with Levine at the time stated by one Buzzy who had overheard Herman's conversation.

Herman and Levine met in Herman's office on April 2, 1946. At this meeting the prospective new tenants of the

Plaza Theatre were present for the purpose of attempting to buy from Levine air conditioning equipment which had been used by the latter. Levine denied that he intended to move and it was at this time that the carbon copy of the letter of September 1, 1945, was shown him. After reading this letter Levine said he had no recollection of having received it and would check his files to see if it was there. Three days later he wrote Schofield and Herman a letter stating that he had not received the letter terminating the lease.

It is conceded that if the jury were properly instructed they might have found their verdict either for the plaintiff or for the defendants, but the plaintiff asserts that the jury were not properly instructed by reason of the refusal of the court to grant plaintiff's instruction No. 2. It reads as follows:

"The court instructs the jury that the Federal law provides that when the writer of any letter on which the postage is prepaid shall endorse on the outside thereof his name and address; such letter shall not be advertised, but after remaining uncalled for at the office to which it is directed the time the writer may direct or the postmaster general prescribe, shall be returned to the writer without additional charge for postage, and if not then delivered, shall be treated as a dead letter."

Plaintiff's instruction No. 1 was granted. It reads as follows:

"The court instructs the jury that the decision of this case depends upon whether or not the letter of September 1, 1945, written by Mr. Herman to Mr. Robert Levine was received by him.

"The court further instructs the jury that the burden is upon the plaintiff to prove his case and every element thereof by a preponderance of the evidence.

"The court further instructs the jury that the testimony of Mr. Herman that he mailed said letter on September 1, 1945, raises the presumption that the letter was received by the addressee; but this presumption is rebuttable. The testimony

of Mr. Robert Levine and other witnesses that said letter was not received therefore raises an issue of fact, which issue of fact it is the jury's duty to decide.

"The court therefore instructs you that if upon consideration of all the evidence the jury believes that said letter was received by the addressee, their verdict should be for the plaintiff; but if upon consideration of all the evidence they believe that said letter was not received by the addressee, their verdict should be for the defendant."

The single assignment of error is directed to the court's refusal to grant plaintiff's instruction No. 2 as set forth above.

For the defendant in error it is contended that the jury were fully instructed in instruction No. 1, the only instruction granted; that it embraced all of the law applicable to the case and therefore instruction No. 2 was not necessary. On the other hand the plaintiff claims that he was entitled to instruction No. 2; that the jury should have been told that under the Federal statute, 39 U. S. C. A. section 409, it was the duty of the postmaster to return the letter to the sender in case it could not be or was not delivered to the addressee, and that in the absence of the instruction his counsel was deprived of the right to argue to the jury that it was the duty of the postmaster to return the letter to the sender in this case if it had not been delivered to the addressee.

The evidence upon the vital issue was very close and directly in conflict. The testimony of Herman was flatly denied by Levine in every material respect. It is impossible to say that both could have told the truth. The jury in order to decide this issue were bound to discard the testimony of one or the other. Herman said he wrote the letter, placed his return address on the envelope and mailed it. Levine said he never received it. Herman said the letter was never returned to him. If Herman wrote and mailed the letter addressed to Levine, as he said he did, then in the absence of a delivery of the letter to the addressee it became the duty of the postmaster to return it to Herman. This was an important part of the plaintiff's case, and if the jury had known of the

Federal regulation and counsel for the plaintiff had been allowed to explain and argue it to the jury we do not know whether the jury would have rendered the same verdict.

The office of an instruction is to enlighten the jury as to the law in a particular case. It should define for the jury and direct their attention to the legal principles which apply to and govern the facts proved or presumed in the case and to aid the jury in reaching a proper verdict. It is the duty of the trial judge to instruct the jury. Digest of Va. and W. Va. Reports, Vol. 5, p. 839 (Michie).

Where there is a serious conflict in the evidence and the unqualified testimony of a witness or witnesses may have to be disregarded by the jury in arriving at their verdict, proper instructions are highly important. *Smith* v. *Commonwealth*, 168 Va. 703, 190 S. E. 91.

Again in *International Brotherhood of Boiler-Makers, etc.* v. *Wood*, 162 Va. 517, at page 555, 175 S. E. 45, we said: " * * * The office of an instruction is to assist the jury in understanding the issues and to tell the jury what is the law applicable thereto, and they should be so drawn."

An instruction should relate to the peculiar facts of the case. If it has no basis or foundation in the case in which it is given, if prejudicial, it will constitute reversible error. In reviewing a case, when no other verdict under the law and the evidence than the one rendered could have been reached, an improper instruction might constitute harmless error. But in the case at bar, which was very close on the evidence, the issue was exceedingly narrow; a jury could have decided it either way and its decision would have been supported by the evidence. Therefore, we are unable to say in this case that wholly independent of any instructions which may or may not have been given or refused no other judgment could have been entered.

Where an instruction has already been given, fairly presenting the law, the trial court need not give other instructions defining the same rule of law. Duplication of instructions is undesirable. Matters already covered need not

be again covered. But where a party is relying upon a certain and particular law as represented by a definite statute, he is entitled to have the court instruct the jury upon that law. Here there was no instruction on the statute in question. It was not referred to in the granted instruction.

In the granted instruction the court told the jury that the burden of proof was upon the plaintiff, that the testimony of Herman that he mailed the letter of September 1, 1945, raises a presumption that the letter was received by the addressee, but that the presumption was rebuttable, and the testimony of Levine and the other witnesses raises an issue of fact as to whether the letter was received. The court further told the jury if they believed the letter was received by the addressee they should find for the plaintiff, but if they believed it was not received they should find for the defendant.

In that instruction, which was the only one given, there was no mention of the Federal statute which, as we have seen, requires a postmaster, where the sender has placed his return address on the envelope, to return a letter to him if it is not delivered to the addressee. The statement in the instruction given that there was a presumption that the letter was received by the addressee is not the same thing as telling a jury of the mandatory duty of the postmaster to return an undelivered letter to the sender. As a matter of fact, the effect of the presumption allowed in the instruction given was entirely wiped away by the further language that it was rebuttable and that the testimony of Levine and others had raised an issue of fact. The presumption disappeared in the face of that evidence.

For the reasons expressed, we are of the opinion that instruction No. 2 should have been granted by the court. The judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*