Robert N. HAYES, Jr., Appellant,

v.

Harold M. BOSLOW, M.D., Director, Patuxent Institution, Appellee.

Gene David WEDDLE, Appellant,

v.

DIRECTOR, PATUXENT INSTITUTE and State of Maryland, Appellees.

Charles C. COFIELD, Appellant,

v.

STATE OF MARYLAND, PATUXENT INSTITUTION, Appellee.

Charles Mason TIPPETT, Appellant,

v.

STATE OF MARYLAND, and Director of Patuxent Institution, Appellees.

Charles M. CRAIG, Jr., Appellant,

v.

STATE OF MARYLAND, Director of Patuxent Institution, Appellees.

William R. MONROE, Appellant,

v.

DIRECTOR OF the PATUXENT INSTITUTION, and State of Maryland, Appellees.

Nos. 9174, 9507, 9245, 9461, 9463, 9449.

United States Court of Appeals Fourth Circuit.

July 28, 1964.

Thomas B. Finan, Atty. Gen. of Maryland, for appellees.

Before BOREMAN and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

The six petitioners herein have filed petitions for writs of habeas corpus alleging their detention in Patuxent Institution in violation of rights secured them under the Constitution of the United States. In two instances, Monroe v. Director, No. 9449, and Hayes v. Boslow, No. 9174, the district court required the state to file a return and reached a decision on the legal issues involved. In all six cases the relief sought was denied. Since the cases were all decided prior to our decision in Sas v. State of Maryland, 334 F.2d 506 (4 Cir. 1964), we deem it expedient to remand all six. In Sas we asked the court to consider the constitutionality of the Maryland Defective Delinquent Act (Code 1957, Art. 31 B, § 1 et seq.) as it was in fact applied to the several petitioners therein in the light of our opinion. Since the Monroe and Hayes decisions herein decide points of law which the court may wish to reconsider in the light of Sas, and since the other petitions may raise some nonfrivolous issues of fact or issues of law pertinent to that inquiry, we remand all

in order that the court may have these applications of the Act before it when it considers the Sas petitions.

■ Although it appears that several of the petitioners have failed to exhaust available state remedies, we concur in the conclusion of Judge Winter in Monroe v. Director, No. 9449, that a petitioner should not be required to pursue state remedies when the exact constitutional point being raised has been decided adversely to his contention by the Maryland Court of Appeals. Accord, Evans v. Cunningham, 335 F.2d 491 (4 Cir. 1964).

Remanded.