**Julia Mae McDONALD, Petitioner,**

v.

**S. H. MOORE, as Sheriff of Madison County, Florida, Respondent.**

**No. 64–269–Civ.–J.**

United States District Court
Middle District Florida,
Jacksonville Division.

Nov. 2, 1964.

A. K. Black, Lake City, Fla., for petitioner.

Ernest Page, County Pros. Atty., Madison, Madison County, Fla., for respondent.

SIMPSON, Chief Judge.

Hearing upon the Order to Show Cause issued in this matter on October 22, 1964, was held October 29, 1964, having been postponed from the original return date of said Order to Show Cause (October 28, 1964) by agreement of counsel.

The Respondent's Answer to the petition and his Response to the Order to Show Cause was filed at the hearing. Also filed as Exhibits 1 and 2 at said hearing were the original state court record and a copy of the Opinion and Order of Honorable Samuel S. Smith, Circuit Judge for the Third Circuit of Florida, affirming the proceedings in the County Court of Madison County, Florida. No other evidence was offered by either party, the matter being argued and submitted by counsel for the respective parties upon the Petition, the Order to Show Cause and the record of proceedings in the State courts.

The first question to be determined is whether or not the requirements of Title 28, U.S.C. § 2254, have been met so that the Petition may be entertained. The conviction and sentence of the County Court of Madison County was appealed to the Circuit Court of the Third Circuit, where it was affirmed October 14, 1964. The Petition was presented to this Court eight days later, on October 22, 1964. The Petitioner still has available direct remedies by petition to the

1. See Comment, Federal Liability for Sonic Boom Damage, 31 So.Cal.L.Rev. 259 (1958).

District Court of Appeal of Florida, First District, for writ of certiorari, and thereafter to the Supreme Courts of Florida and of the United States for the same remedy. Collateral attack by means of Florida Criminal Procedure Rule 1, F.S. A. ch. 924 Appendix, and appeal from a denial of relief thereunder, would still remain. The teaching of Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, is that collateral attack is not required where a federal constitutional question is raised and pursued through all available avenues on direct appeal.

The Petition, in Paragraph 7, seeks to excuse the failure to pursue appeal remedies further by reason of the holding of the Supreme Court of Florida in Fish v. State, 159 So.2d 866 (decided January 23, 1964), directly against the Petitioner's contention on the merits. It is asserted that further proceedings would be an empty useless gesture and that time is of the essence.

█ In two recent cases the Fourth Circuit has held that a State prisoner petitioner should not be required to pursue State remedies when the exact constitutional point being raised has been decided adversely to his contention by the State court of last resort. See Hayes v. Boslow, 4 Cir., 336 F.2d 31, and Evans v. Cunningham, 4 Cir., 335 F.2d 491. The Fourth Circuit holds that the situation here falls under the exceptive language of Section 2254, "the existence of circumstances rendering such process ineffective to protect the rights of the prisoner". The theory is that the Florida District Court of Appeal is bound by the holding in Fish v. State, supra, and that a petition to the Supreme Court of Florida would amount to no more than a supplication that the holding of Fish v. State be reconsidered. I reach the view that circumstances are presented here rendering further State process ineffective to protect the Petitioner's claimed rights, in line with the Fourth Circuit holding. I conclude then that the Petition must be considered on its merits.

My finding on the record before me is that the Petitioner was brought before the County Court of Madison County, Florida, charged in two counts with *misdemeanors* under Florida law. She was ignorant and illiterate, despite the fact that she had had several prior brushes with the criminal law of Florida. She was destitute, and unable to employ her own attorney. She was not advised of her right to counsel, was not offered counsel, and did not intelligently waive her right to counsel. Her plea of guilty was accepted and she was sentenced on each count to pay a fine of $250.00 or to be confined at hard labor for six months. She is presently in the custody of the Respondent serving the confinement sentence.

Under these circumstances, does Amendment XIV to the Federal Constitution require that her Amendment VI right to counsel be afforded her? Mr. Justice Black's opinion for the Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, uses language:

"* * * reason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him. This seems to us to be an obvious truth."

which makes no distinction between persons charged with commission of felonies and those charged with commission of misdemeanors. Nevertheless, Gideon, the successful petitioner, was charged and convicted of a felony. The concurring opinion of Mr. Justice Harlan indicates that the Gideon decision leaves this matter open. See the following, 372 U.S. at page 351, 83 S.Ct. at page 801:

"The special circumstances rule has been formally abandoned in capital cases, and the time has now come when it should be similarly abandoned in noncapital cases, at least as to offenses which, as the one involved here, carry the possibility of a substantial prison sentence. (Whether the rule should extend to

*all* criminal cases need not now be decided.)" (Emphasis in text.)

█ The Supreme Court of Florida in Fish v. State, supra, reached the conclusion that Gideon applies only to felonies and refused to apply its rule to misdemeanors. This may or may not be a correct reading and interpretation of Gideon, but I am persuaded that far-reaching innovations in the development of constitutional law should originate with the appellate courts, not with trial courts. This may be the case in which the Supreme Court of the United States may finally undertake to answer this question. (The mandate in Fish v. State, supra, went down on February 14, 1964, and no further proceedings were taken in that case.) If and when this question is reached by an appellate court it is not unreasonable to expect, if the Gideon rule is held to apply to misdemeanors as well as felonies, some guidelines may be laid down. The Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, "special circumstances rule" may be applied to misdemeanor cases. The rule may be given limited application to serious misdemeanors, or those involving the possibility of substantial confinement sentences. I cannot believe that the fundamental due process protection of the Fourteenth Amendment is a sheltering umbrella for every indigent traffic law violator or every indigent drunk and disorderly case in municpal or state courts. On the other hand, this protection perhaps should be afforded to a misdemeanor defendant circumstanced as was this Petitioner. As indicated above, I believe that the initial decision of such questions is more properly within the responsibilities of appellate, not trial, courts.

For these reasons, the Petition will be denied on its merits, with the Petitioner admitted to moderate bail, and permitted to appeal in forma pauperis.

In consideration of the foregoing, it is Ordered:

1. The Petition for Writ of Habeas Corpus is considered upon its merits and, as so considered, denied.

2. The Court finds and certifies the existence of probable cause, permitting appeal under the provisions of Title 28, U.S.C., Section 2253.

3. Petitioner is granted leave to appeal herein in forma pauperis, without prepayment of fees and costs or giving security therefor.

4. In the event timely appeal is taken, further execution of the sentence of confinement is Ordered stayed pending appeal, and the Petitioner enlarged on bail upon the posting of bond in the amount of $500.00 conditioned upon the Petitioner's responding to and abiding by such further Orders as may be entered by this Court with respect to her custody. Said bond shall be taken before and approved by the Clerk of this Court.

As indicated above, the original file from the State court has been filed herein as Exhibit 1. The same may be withdrawn upon substitution of a legible copy thereof and delivery to the Clerk of this Court of a receipt therefor.