# Richmond

GEORGE BOLDING EVANS, JR. v. CITY OF RICHMOND.

GEORGE BOLDING EVANS, JR. v. COMMONWEALTH OF VIRGINIA.

December 1, 1969.

Record Nos. 7099 and 7100.

Present, All the Justices.

*Milton P. Miller (Miller and Rosman,* on brief), for plaintiff in error in Record Nos. 7099 and 7100.

*James B. Wilkinson, Commonwealth's Attorney for the City of Richmond,* for defendant in error in Record No. 7099.

*Walter H. Ryland, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error in Record No. 7100.

HARMAN, J., delivered the opinion of the court.

At approximately 8:30 p.m. on September 18, 1967, Thurman T. Jones was proceeding south on Richmond's 14th Street Bridge and

had stopped in the left lane of the two southbound lanes of the four-lane road, preparing to make a left-hand turn off the bridge when his car was struck in the rear by another southbound vehicle. The car which struck him then went around the right side of the Jones vehicle and continued south across the bridge.

The incident was witnessed by at least two other motorists, one of whom actually followed the car which struck the Jones vehicle and secured its license number. Records of the Division of Motor Vehicles indicated that the car involved was registered to Irmagard Evans, wife of the appellant.

Because of his relationship with the owner of the car, George Bolding Evans, Jr., was questioned several times by the police and eventually arrested on September 27, 1967, and charged with reckless driving and "hit and run".

The case was tried before the Traffic Court and appellant was convicted and fined $100 and costs under the reckless driving warrant. He was also convicted and fined $250 and given a thirty-day jail sentence under the "hit and run" warrant.

After his conviction in the Traffic Court, appellant exercised his statutory right and appealed to the Hustings Court of the City of Richmond where both warrants were consolidated for trial before a jury. At this trial, the identity of the appellant as the driver of the other vehicle was the paramount issue before the jury.

[1] The court instructed the jury on the principles of law involved in the case and in addition to the instructions which were granted, the appellant offered his own identity instruction which the court refused to give. The appellant's Instruction B which was refused reads as follows:

## INSTRUCTION B

The burden is upon the Commonwealth to prove by the evidence beyond a reasonable doubt that the defendant was in fact the driver of the automobile that struck Mr. Jones' automobile. It is not sufficient that the jury may *believe* that he was probably the driver, or that it is more probable that he was than that he was not. Suspicion or probability in this case, however strong, will not authorize a conviction, but the evidence must prove beyond a reasonable doubt that the defendant was the driver of the automobile in question at the time and place of the alleged offense. The jury shall not speculate or go outside of the evidence to consider

what they think might have taken place, but you. are to confine your consideration to the evidence introduced by the Commonwealth and the defendant and unless you believe, upon a consideration of all the evidence before you, that the identity of the defendant as the driver has been proved beyond a reasonable doubt, then you shall find the defendant not guilty.

The jury returned a verdict of guilty on both charges and fixed punishment at $100 fine and four months in jail on each warrant for a total fine of $200 and total jail confinement of eight months.

Appellant concedes that the evidence was sufficient to sustain the conviction but assigns as error:

(1) The Court's refusal to grant Instruction B; and
(2) The imposition of increased punishment as a result of his second trial.

The court will first consider appellant's contention that it was error on the part of the trial court to refuse to grant Instruction B. This instruction simply states that the burden of proving every material and necessary element of the offense charged was upon the Commonwealth and that probability or suspicion of guilt is insufficient because it is not guilt beyond a reasonable doubt. The language of the instruction, however, is so phrased as to emphasize that the identity of the accused as the driver of the car must be proved beyond a reasonable doubt.

Appellant argues that if the evidence warrants it and if the defendant tenders or requests an identity instruction then it is reversible error for the trial court to refuse to so instruct the jury.

In the case of *Waller and Boggs* v. *Commonwealth*, 84 Va. 492, 5 S.E. 364 (1888), this court held that it was reversible error not to grant an identity instruction as requested where the instruction which was granted in lieu thereof was calculated to create an impression upon the mind of the jury that the identity of the accused could be established by a lesser degree of proof than the law requires. The court went on to say, however, that the granting of an instruction which was plainly the exact equivalent of the one offered and refused would not amount to reversible error.

We think, therefore, that it is necessary to examine the instructions granted by the trial court to determine whether or not they are plainly the equivalent of Instruction B.

Instruction B, to an extent, is almost identical with Instruction 3 which informs the jury that the burden is on the Commonwealth to prove every element of its case beyond a reasonable doubt; that probability or suspicion is insufficient; that the jury shall not speculate or go beyond the evidence; and again that every material element of the offense must be proved beyond a reasonable doubt. In order that the Commonwealth prove every material and necessary element of the offense charged against the appellant, it necessarily follows that the Commonwealth must prove beyond a reasonable doubt that the appellant was driving the automobile at the time of the accident. Also, the language of Instruction 5, which the court granted, clearly sets out the proposition propounded by appellant that his identity as the driver of the other vehicle must be proved beyond a reasonable doubt. Instruction 5 reads as follows: "The evidence introduced by the defendant that he was not at the scene of the alleged crime need not be such as to establish this as a fact in order to entitle him to an acquittal; but if it is such as to create and leave in the mind of the jury a reasonable doubt of his presence there, then you shall find the defendant not guilty."

Thus this instruction clearly instructs the jurors that if there is any reasonable doubt in their minds that the appellant was not present at the time of the accident then they should find him not guilty.

In addition, Instructions 4, 7 and 8 given by the court tell the jury that they must believe beyond a reasonable doubt that the appellant was the driver of the vehicle at the time of the accident. Instruction 8 specifically states "if you believe from the evidence beyond a reasonable doubt that *the accused drove a motor vehicle*" (emphasis added). Likewise, Instructions 4 and 7 are so phrased that the jury must conclude that appellant was in fact the driver of the other vehicle before there would be any duty on him to stop and take account of an accident.

Considering the principles of law set out in Instruction B in conjunction with those in the instructions granted by the trial court, i. e., Instructions 3, 4, 5, 7 and 8, it is apparent that Instruction B is simply a reiteration of those principles of law upon which the jury had already been instructed. This court has repeatedly held that a refusal to grant instructions covering a principle of law upon which the jury has already been properly instructed is not error. *Norfolk and W. R. Co.* v. *Birchfield,* 105 Va. 809, 54 S.E. 879 (1906); *Crowell* v. *Duncan,* 145 Va. 489, 134 S.E. 576, 50 A.L.R. 1425 (1926); *Adams* v. *Plaza Theatre, Inc.,* 186 Va. 403, 43 S.E. 2d 47 (1947).

We therefore find that the instructions granted by the trial court were proper and adequate instructions and there was no duty on the trial court to grant Instruction B, which would have been repetitious and would have overemphasized the question of identity already fully covered by the instructions granted.

■ We will now consider appellant's contention that it is improper to subject him to more or additional fine or punishment on appeal of his cases. Appellant bases his argument on the decision of the United States Court of Appeals for the Fourth Circuit, in the case of *Patton* v. *State of North Carolina*, 381 F. 2d 636 (1967). In that case, the Fourth Circuit held that increased punishment, imposed at a second trial after the first conviction had been vacated, is a denial of due process of law, is inconsistent with the prohibition against double jeopardy, and is a denial of equal protection of the law.

Since the decision in *Patton* v. *North Carolina, supra,* the views expressed there have been modified by the United States Supreme Court in *North Carolina* v. *Pearce,* 395 U.S. 711, 89 S. Ct. 2073, 23 L. Ed. 2d 656 (1969), where it held that neither the double jeopardy clause nor the equal protection clause bars state judges retrying felons from imposing more severe sentences than the original, but that due process does require that the judge set forth factual data supporting the more severe sentence in order to assure the absence of a motive to penalize those who choose to exercise their right to appeal.

By statute in Virginia, § 16.1-132 of the Code of Virginia, 1950, as amended, appellant had an appeal as a matter of right from his conviction in the Traffic Court, a court not of record, to the Hustings Court of the City of Richmond.

Section 16.1-136 of the Code of Virginia, 1950, as amended, provides that "Any appeal taken under the provisions of this chapter shall be heard de novo in the appellate court . . .; and, . . . the accused shall be entitled to trial by jury in the same manner as if he had been indicted for the offense in the circuit or corporation court." Thus the effect of this code section is to provide a statutory grant of a new trial to the accused to be had before a court of record having original criminal jurisdiction, and to annul the judgment of the trial judge as completely as if there had been no previous trial. *Gaskill* v. *Commonwealth,* 206 Va. 486, 144 S.E. 2d 293 (1965).

In view of these statutes it is obvious that the holdings in *Patton* as modified by *Pearce* have no application in this case.

The judgments are affirmed.

*Affirmed.*