Thurman E. **WOOD**, Appellant,

v.

**Maj. Fred ROSS, Supt. of Caledonia Prison Farm, Appellee.**

Wayne Claude **RICE**, Appellant,

v.

**STATE OF NORTH CAROLINA,**
Appellee.

Nos. 13074, 13425.

United States Court of Appeals,
Fourth Circuit.

Argued May 8, 1970.

Decided Nov. 16, 1970.

William W. Van Alstyne, Durham, N. C. (Court-assigned counsel), for appellants.

Edward L. Eatmen, Jr., Staff Attorney, Raleigh, N. C. (Robert Morgan, Atty. Gen. of N. C., and Jacob L. Safron, Staff Attorney, Raleigh, N. C., on the brief), for appellee.

Before BRYAN and CRAVEN, Circuit Judges, and RUSSELL, District Judge.

ALBERT V. BRYAN, Circuit Judge:

These are common appeals in habeas corpus aimed at the *ultimate* convictions in North Carolina record courts of Wayne Claude Rice and Thurman E. Wood. They assert that in the review allowed them by the State from their *primary* convictions in courts not of record, each experienced unconstitutional overreaching by the State. Both claim they were denied due process, in that they were given harsher punishments on the appeals than in their initial trials. Additionally, Wood argues that he was put in double jeopardy. In our judgment appellants should prevail.

### The Wood Case

Wood pleaded guilty, July 19, 1962, and was given the maximum sentence of two years, in the Recorder's Court of the City of Dunn, North Carolina on a *misdemeanor* charge of breaking and entering *without* intent to commit a felony. N.C.Gen.Stat. § 14–54. Wood appealed to the Superior Court as permitted by the organic statutes which also provide for a de novo trial. G.S. §§ 7–230 and 15–177.1.

At the term commencing in August, 1962, Wood was indicted for the same act by a grand jury, but this time for a *felony*—namely the offense of breaking and entering *with* criminal intent. G.S. § 14–54. Again he pleaded guilty but this time he was ordered to serve 10 years imprisonment, with five years suspended on probationary conditions. G.S. § 14–2. On October 15, 1965, this grace was forfeited, but on March 15, 1966 the Governor of North Carolina commuted the sentence to five years.

For relief, post-conviction remedies and habeas corpus were pursued in the Superior and Supreme Court of North Carolina on the contention that the due process clause of the Fourteenth Amendment forbids the augmenting of punishment on appeal beyond the penalty imposed at the first trial, citing Patton v. North Carolina, 381 F.2d 636, 638–641 (4 Cir. 1967), cert. denied 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871 (1968). Failing in the State tribunals, Wood petitioned the Federal District Court of Eastern North Carolina for release on habeas corpus. In replication, the State contended that *Patton* was distinguishable on the premise that there the appeal was simply a continuation of the first case, while here the second proceeding was a new and different cause.

The District Court refused relief October 17, 1968 and this order is the predicate of the instant appeal. Stout precedent for its view is found in State v. Morris, 275 N.C. 50, 165 S.E.2d 245, 252 (1969) and State v. Tolley, 271 N.C. 459, 156 S.E.2d 858, 860 (1967). These declare that since in North Carolina the appeal from the inferior to the higher court is de novo, the latter was at liberty to punish to the limit of the statute, unrestricted by the first judgment.

██ Notwithstanding the force of the decisional law adopted by the District Court, we cannot accept its conclusion that there was no violation of due process in the imposition here of a harsher sentence when the accused exercised his legal right to appeal. The review is a privilege granted by the State and cannot, compatibly with due process, be encumbered.

Our position was first and fundamentally stated in *Patton*, supra, 381 F.2d at 638–641. Its logic is not dislodged by terming the second trial here as a totally independent and discrete proceeding. In both trials the misconduct to be punished was identical. The penalty cannot be expanded merely because of redetermination of guilt.

While North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) had not come down at the time of the District Court's decision, its reasoning is now available.[1] There the Court accepted the due process rationale of *Patton*. Nevertheless, the Court modified the *Patton* doctrine that in no event could a sentence be increased on appeal. Instead, the Court concluded that a more stringent sentence on the second trial constitutes withdrawal of Federal due process when there is no proof of intervening detrimental deportment. Id. at 723–726, 89 S.Ct. 2072.

The present lack of such proof compels the conclusion that Wood suffered a denial of due process. He was exercising the only avenue afforded to review his conviction. Like the defendants in *Pearce*, Wood had the right to appeal free of the fear of reprisal on the part of the sentencing judge. Id., 395 U.S. at 725, 89 S.Ct. 2072. No distinction can be drawn between the appellant's right in the two cases.

Wood's appeal irrevocably erased his conviction in the lower court. " '* * * [W]hen appeals are taken from a justice's court upon questions of law and fact, the judgment appealed from is completely annulled, and *is not thereafter available for any purpose.*' (Emphasis added.) State v. Goff, 205 N.C. 545, 172 S.E. 407." State v. Anderson, 5 N.C.App. 614, 169 S.E.2d 38, 39–40 (1969). Hence, Wood could be tried solely on the appeal, but only then with assurance of no enhancement of punishment in the event of another conviction without proof of supervening misconduct. This assurance was violated by the State and so his conviction on appeal as well as his first conviction falls.

■ Our holding that the State cannot with due process punish Wood on appeal more heavily than he was originally charged, discloses too that he suffered double jeopardy. This is because the charge against him was increased after he had been tried for an offense consisting of an essential element of the greater offense. That is to say, he had been tried for breaking and entering, and then the State tried him for a felony in which breaking and entering was an indispensable element. Cf. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).

The Fifth Amendment, of course, provides "nor shall any person be subject for the *same offense* to be twice put in jeopardy of life or limb". (Accent added.) This prohibition applies to the States. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Thus, again, the conviction of Wood is seen to be vitiated. Cf. Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); Grafton v. United States, 206 U.S. 333, 350, 27 S.Ct. 749, 51 L.Ed. 1084 (1907); Dove v. Peyton, 343 F.2d 210, 214 (4 Cir. 1965); Ekberg v. United States, 167 F.2d 380, 386 (1 Cir. 1948).

■ Finally, we note that Wood was released on June 23, 1970 as having completed the five-year sentence. Habeas corpus is thus no longer needed to relieve his detention. Nevertheless, his claims for relief are not mooted. Sibron v. New York, 392 U.S. 40, 55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). He is entitled to a declaration that his convictions were of no effect and preclude consequences which might otherwise result.

---

1. Notably, after oral argument in this case, the Supreme Court of North Carolina held that *Pearce* does not apply to de novo trials resulting from appeals of convictions entered in non-record courts. See State v. Spencer, 276 N.C. 535, 173 S.E. 2d 765, 772 (1970); State v. Sparrow, 276 N.C. 499, 173 S.E.2d 897, 903 (1970).

Hewett v. North Carolina, 415 F.2d 1316, 1321–1322 (4 Cir. 1969).

Accordingly, we direct issuance of the writ with complete cancellation of the record of his convictions, for the State defeated his right of appeal and it cannot now justly recapture or retry him.

### The Rice Case

Rice was arrested on July 2, 1968 for driving while intoxicated on a North Carolina State highway. G.S. § 20–138. After trial in the General County Court of Buncombe County on July 19, 1968 upon a plea of not guilty, Rice was convicted and sentenced to imprisonment for nine months, with suspension of execution upon the payment of a fine of $100.00 and costs. On appeal to the Superior Court of the County, he was found guilty and committed to two years imprisonment.

State post-conviction steps failed. He appealed to the North Carolina Court of Appeals, but withdrew his petition and applied to the Federal District Court for Western North Carolina to be discharged on habeas corpus. The argument advanced by Rice there was that the State statute conferred upon him the right of appeal, and that enlargement of the punishment clearly ignored the Federal due process announced in our decision in Patton v. North Carolina, supra, 381 F.2d 636.

The District Judge denied the application for habeas corpus on December 23, 1968 for Rice's failure to exhaust his State remedies. The omission was the appeal to the State Court of Appeals. The ruling of the District Court refusing the writ is the subject of this appeal.

■ We think the District Court was in error in dismissing for Rice's failure to complete the remedies available to him in the State court. It would have been futile. Concededly the Supreme Court of North Carolina had consistently refused to follow Patton. State v. Morris, 275 N.C. 50, 165 S.E.2d 245 (1969); State v. Stafford, 274 N.C. 519, 164 S.E.2d 371 (1968); State v. Tolley, 271 N.C. 459, 156 S.E.2d 858 (1967). In these circumstances, exhaustion of State remedies is not indispensable. Hayes v. Boslow, 336 F.2d 31, 32 (4 Cir. 1964); cf. Wright v. Maryland Penitentiary, 429 F.2d 1101 (4 Cir. 1970).

On the merits, we reach the same conclusion as we did in Wood's appeal. While the District Judge went no further than to dismiss the appeal for non-pursuit of State remedies, the grounds for relief still asserted by Rice parallel those of Wood. As in Wood, the record reveals nothing which warrants the increased punishment. On the strength of Pearce, we again see the more drastic sentence on the second trial as a denial of Federal due process, in that by discouragement it impinges upon the State-given appeal.

The upshot is that for the reasons stated in Wood, except the double jeopardy ground, Rice is not to be held to his conviction. He was completely discharged by North Carolina on January 24, 1970 but this did not moot the case on habeas corpus. Injurious consequences because of the convictions might still obtain. We think Rice is entitled to expunction of the record of them.

In today's decision, the court is not insensitive to the logical and persuasive argument to the contrary in Lemieux v. Robbins, 414 F.2d 353 (1 Cir. 1969), cert. denied 397 U.S. 1017, 90 S.Ct. 1247, 25 L.Ed.2d 432 (1970). Likewise we express deference to the opinion in Evans v. City of Richmond, 210 Va. 403, 171 S.E.2d 247 (1969). We simply disagree.

Reversed with directions.