Cleophus D. LOVE

v.

Andrew J. WINSTON.

Civ. A. No. 21–71–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 11, 1971.

JeRoyd W. Greene, Jr., Richmond, Va., for petitioner.

José R. Davila, Commonwealth's Atty., Richmond, Va., for respondent.

## MEMORANDUM

MERHIGE, District Judge.

In this habeas corpus proceeding petitioner complains that he experienced unconstitutional overreaching by the Hustings Court of the City of Richmond in receiving a harsher punishment on an appeal involving a misdemeanor charge from the Police Court of the City of Richmond.

Respondent answered and frankly admitted the material portions of petitioner's allegations.

The Court finds that on December 23, 1969, the petitioner was convicted of a misdemeanor in the Police Court of the City of Richmond and was sentenced to a fine of $100.00; that pursuant to state law he appealed this conviction and, having been found guilty by the trial judge without a jury in the Hustings Court of the City of Richmond, was sentenced to 90 days in jail. The petitioner attempted an appeal to the Supreme Court of Appeals of Virginia and was refused a writ of error and supersedeas on December 2, 1970, for having filed too late.

The Commonwealth's Attorney for the City of Richmond frankly admitted at the bar of the Court that the record in the Hustings Court of the City of Richmond established no proof of "intervening detrimental deportment on the part of the petitioner." The respondent argues, however, that this Court ought not to entertain the petition on the grounds that the petitioner has failed to exhaust his available state remedies. Respondent has suggested that the granting by the Supreme Court of Appeals of Virginia of a late appeal would permit petitioner to raise the instant issue before that court, or, in the alternative, his relief ought to be by route of an original suit or habeas corpus in the state court.

The principal question was in essence presented to the Supreme Court of Appeals of Virginia in Evans v. City of Richmond, 210 Va. 403, 171 S.E.2d 247 (1969), wherein that court considered the question concerning the propriety of subjecting one to more or additional fine or punishment on an appeal to a Virginia court of record. In that case the appellant, Evans, based his argument on the decision of the United States Court of Appeals for the Fourth Circuit in the case of Patton v. State of North Carolina, 381 F.2d 636 (1967), in which the Fourth Circuit held that increased punishment imposed at a second trial after a first conviction had been vacated was a denial of due process of law, was inconsistent with the prohibition against double jeopardy, and was a denial of equal protection of the law. Mr. Justice Harman of the Virginia Supreme Court of Appeals in his opinion cited the modifications of that view as pronounced by the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Pearce* stands for the proposition that a more stringent sentence on the second trial constitutes withdrawal of federal due process when there is no proof of intervening detrimental deportment. Mr. Justice Harman, in *Evans*, concluded that an appeal from a court not of record to a court of record, wherein a statutory grant of a new trial to an accused is given before a court of record having original jurisdiction, annuls the judgment of the lower trial court "as completely as if there had been no previous trial" the only distinction between the *Evans* case and the instant case being that in the *Evans* case the conviction was a traffic conviction and the instant conviction was for an assault.

The Virginia Supreme Court held it to be obvious, in their opinion, that in such cases the holdings of the Fourth Circuit in *Patton*, as modified by *Pearce*, have no application. There is no indication before this Court that the Supreme Court of Appeals would de-

part today from the principle it enunciated in the *Evans* case if this Court were to dismiss the petition for failure to exhaust state remedies. In these circumstances Love is not compelled by the exhaustion doctrine to re-apply in the state court when the result appears reasonably foreordained. Any application to the state trial court by way of habeas corpus would undoubtedly put that court in the position of being duty bound to follow the principles enunciated by the highest court of Virginia.

Counsel for the respondent suggests that the decision of the Fourth Circuit in the case of Wood v. Ross, 434 F.2d 297, decided on November 16, 1970, may result in a change in Virginia's interpretation of the principles involved. The Supreme Court of Virginia has refused to follow *Patton*, even as modified by *Pearce*, on the grounds that such holdings have no application in view of Virginia's statutory procedure for appeal. See Hayes v. Boslow, 336 F.2d 31, 32 (4th Cir. 1964); Wright v. Maryland Penitentiary, 429 F.2d 1101 (4th Cir. 1970); Rice v. State of North Carolina, 434 F.2d 297 (4th Cir. 1970).

Petitioner is due to commence serving his sentence tomorrow. Justice requires a prompt decision.

The Fourth Circuit was fully aware of the opinion of the Virginia Supreme Court of Appeals in Evans v. City of Richmond, *supra,* and while expressing deference to same, disagreed with its conclusions. See *Rice, supra.* In the opinion of this Court, the Fourth Circuit through Judge Bryan in his opinion enunciated in the *Wood* case, *supra,* addressed itself specifically to an argument concerning the logic of the *Patton* case stating "its logic is not dislodged by terming the second trial here as a totally independent and discrete proceeding." In both trials the misconduct to be punished was identical. The penalty cannot be expanded merely because of redetermination of guilt. The more stringent sentence received by the instant petitioner constitutes withdrawal of federal due process.

The relief called for in no way requires a delay of its application, since the state may choose to forthwith resentence petitioner consistent with this Court's constitutional interpretation as herein enunciated. Or, of course, it may choose to withhold resentencing until it concludes such appeals as it deems appropriate. Neither course requires a stay of execution by this Court of the effects of the writ which will issue.

The writ will issue.