**Spencer MANNS, Jr., Petitioner,**

v.

**Kermit ALLMAN, City Sergeant for the City of Roanoke, Virginia, Respondent.**

**Civ. A. No. 71-C-28-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

April 5, 1971.

---

Gerald G. Poindexter, Louisa, Va., Ralph W. Buxton, The Legal Aid Society of Roanoke Valley, Roanoke, Va., for petitioner.

Sam Garrison, Commonwealth's Atty., Roanoke, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

On December 28, 1970 the petitioner was convicted, despite his plea of not guilty, of disorderly conduct by the Municipal Court for the City of Roanoke, a court not of record. He received a sentence of ninety (90) days in jail and a $300 fine which he appealed, pursuant to Va.Code Ann. §§ 16.1–132, 16.1–136 (Repl.Vol.1960), to the Hustings Court for the City of Roanoke. At this de novo trial petitioner again pled not guilty and was tried by a jury, which again convicted him of the charge and set his punishment at six months in jail and a $300 fine. Manns subsequently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c) (3).

Petitioner complains that, in the absence of evidence of supervening misconduct, imposition of a harsher sentence at a de novo trial on appeal of a conviction is a violation of due process clause of the fourteenth amendment. This argument is based on the decisions of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and Wood v. Ross, 434 F.2d 297 (4th Cir. 1970). In *Pearce* the Supreme Court held that for a judge to impose a more severe sentence upon a defendant at a new trial obtained by overturning a previous conviction, his reasons for doing so must be made part of the record. These reasons had to "be based upon objective information concerning identifiable conduct on the part of the defend-

ant occurring after the time of the original sentencing proceeding." 395 U.S. at 726, 89 S.Ct. at 2081. In Wood v. Ross the Court of Appeals for the Fourth Circuit extended this principle to the de novo trial situation where the defendant is granted an entirely new trial as a normal part of the appellate process without any necessity for proving error in the original trial.

■■ Manns did not seek collateral relief in the state courts before presenting his petition to this court. In order to avoid the proscription of 28 U.S.C. § 2254 which requires a state habeas corpus petitioner to exhaust his state remedies before requesting relief in federal court Manns suggests that he does not have a realistic remedy in the Virginia state courts. He contends that the law of Virginia on this point is settled contrary to his position by the decision in Evans v. Richmond, 210 Va. 403, 171 S.E. 2d 247 (1969), which was decided subsequent to the Supreme Court's decision in *Pearce*. *Evans* held that when a jury in a de novo trial imposed a more severe sentence than was imposed in the lower court of record, there was no denial of either due process or equal protection. Clearly Virginia does not accept the view propounded by the petitioner. Exhaustion of state remedies does not require that a state prisoner be relegated to a pointless and mechanical trip through the state courts. The court agrees with the petitioner that the Virginia law on this point is settled and that he does not have a viable remedy in the state courts. Therefore, the court proceeds to the merits of his contention.

■■ It appears that both the *Pearce* and Wood v. Ross decisions involved situations where the increased sentence at the second trial was imposed by a judge. The court is not aware of a decision by either the Supreme Court or the Fourth Circuit dealing with a situation where the increased sentence was set by a jury, which, of course, is the problem involved in this case.

In the *Pearce* decision the Supreme Court was concerned that a defendant's fear of vindictiveness on the part of the sentencing judge at a new trial would deter him from seeking appellate or collateral relief. The court specifically held that the Constitution did not prevent imposition of a greater sentence at a new trial but it was worried that judges could impose harsher sentences on retrial in retribution to defendants for asserting legal rights and the defendants would have no realistic way to prove the presence of such a motive. In the usual case, however, a jury would presumably be unaware of the fact of an earlier trial or the severity of a previous sentence. Except in very rare situations, then, the defendant would have no reason to fear a "vindictive" jury interested in punishing him for the exercise of his rights. Members of the jury are not permanent employees of the courts and ordinarily any motives of vindictiveness would be lacking.

The court is of the opinion that when the greater sentence at a second trial is imposed by a jury, the rule of *Pearce* does not apply in the absence of exceptional circumstances. *Accord*, Britt v. Tollett, 315 F.Supp. 401 (E.D.Tenn. 1970). Whether a different decision would be reached where a jury receives evidence on the question of punishment after a decision on guilt has been reached is not necessary to decide. The court is further of the opinion that allowing a jury to impose a greater sentence on retrial without evidence of supervening misconduct does not place an unconstitutional condition on one's exercise of the right to a trial by jury. The Constitution does not dictate that a defendant and his attorney are never to be put to hard decisions regarding which trial tactics should be employed. *Cf.* North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

It is the judgment of this court that the petitioner is not entitled to relief and, therefore, that the petition should be and hereby is dismissed.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within 30 days a notice of appeal

with the clerk of *this* court. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1. The judgment, order or part thereof appealed from;

2. The party or parties taking the appeal; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.