**Lewis E. TERRY, Appellant,**

v.

**SUPERINTENDENT OF FIELD UNIT #9, Appellee.**

**No. 71–1682.**

United States Court of Appeals, Fourth Circuit.

Jan. 10, 1972.

**592**

---

Lewis E. Terry, pro se.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Senior Circuit Judge, and RUSSELL, Circuit Judge.

### MEMORANDUM DECISION.

Lewis E. Terry, a Virginia prisoner, seeks a certificate of probable cause to appeal an order of the district court refusing him habeas corpus relief.

On November 14, 1969, Terry pleaded not guilty to and was convicted of the separate offenses of assault and brandishing a firearm by a judge of the Botetourt County Court sitting without a jury. He was sentenced to serve six months in jail and to pay a fine of $500.00 for the brandishing conviction and he was sentenced to serve twelve months in jail and to pay a fine of $500.00 for the assault conviction. His total jail sentence was thus eighteen months. He appealed and was given a trial de novo in the Circuit Court of Botetourt County on January 7, 1970. He pleaded not guilty to the charges, was tried by a jury, and again convicted. He was sentenced by the jury to serve twelve months and to pay a fine of $100.00 for each offense. His total jail sentence was thus increased to two years. The reasons for this increased sentence do not affirmatively appear in the state court records.

Terry's first claim is based on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce* the Supreme Court said that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." 395 U.S. at 726, 89 S.Ct. 2081. We agree with the district court's conclusion that Terry need not exhaust his state court remedies on this claim. Manns v. Allman, 324 F.Supp. 1149 (W.D.Va.1971). For the reasons stated in Levine v. Peyton, 444 F.2d 525 (4th Cir. 1971), however, we disagree with the district court's second conclusion that *Pearce* does not apply to a jury sentencing. Therefore, in light of *Levine* and in light of Wood v. Ross, 434 F.2d 297 (4th Cir. 1970), which applied *Pearce* to a trial de novo, we hold that Terry is entitled to have his increased sentence vacated.

It is therefore ordered that six months of Terry's twelve month sentence for brandishing a firearm be vacated and the respondent is directed to adjust his release date accordingly.

The district court's decision dismissing Terry's claim of ineffective assistance of counsel for failure to exhaust state court remedies is affirmed.

Accordingly, for the reasons stated above, a certificate of probable cause to appeal is granted and the judgment of the district court affirmed in part and reversed in part.