**Thomas Edward GRIFFITH, Petitioner,**

**v.**

**Kenneth E. KERKHOFF, Sheriff of Page County, Virginia, Respondent.**

**Civ. A. No. 72–C–22–H.**

United States Distict Court,
W. D. Virginia,
Harrisonburg Division.

June 23, 1972.

John R. Bushey, Jr., Commonwealth Atty. Page County, Luray, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

On November 11, 1971, Thomas E. Griffith pleaded not guilty to and was convicted of reckless driving in the County Court of Page County and incurred a $50 fine. He noted an appeal to the Circuit Court of Page County pursuant to Va.Code Ann. § 16.1–132. At this de novo trial on January 31, 1972, he pleaded not guilty and was tried by a jury, which convicted him of the charge and set his punishment at twelve months in jail. Griffith now petitions this court for a writ of habeas corpus under the authority of 28 U.S.C. § 2241(c) (3).

■ Griffith complains that in the absence of intervening misconduct, imposition of a harsher sentence at the de novo trial on appeal of his conviction violates due process. Petitioner did not pursue direct or collateral relief in the Virginia state courts as prescribed by 28 U.S.C. § 2254, before pressing his claim in this court. Noting that the Virginia Supreme Court has effectively decided this claim against him in Evans v. City of Richmond, 210 Va. 403, 171 S.E.2d 247 (1969), he argues that he is not compelled by the exhaustion doctrine to apply for relief in the state court when the result appears reasonably foreordained. Love v. Winston, 322 F.Supp. 567 (E.D.Va.1971). The court agrees that petitioner has no effective remedy in the state courts. Manns v. Allman, 324 F.Supp. 1149 (W.D.Va.1971). Therefore, the court proceeds to the merits of the petition.

Petitioner bases his claim largely upon North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and Wood v. Ross, 434 F.2d 297 (4th Cir. 1970). In Pearce the Supreme Court held that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." 395 U.S. at 726, 89 S.Ct. at 2081. Further, those reasons "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. There is no proof in this case of any intervening misconduct. In Wood v. Ross, supra, the Fourth Circuit extended the Pearce rule to the de novo trial situation where the accused is granted a new trial as a normal part of the appellate process without any necessity of proving error in the original trial. Manns v. Allman, supra.

■ Very recently the Supreme Court resolved the issue asserted here against petitioner. In Colten v. Commonwealth of Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (June 12, 1972), the court held that Kentucky's

**1162**

two-tier trial *de novo* system for adjudicating less serious criminal cases does not violate the Due Process Clause, since it imposes no penalty on those who seek a *de novo* trial after having been convicted in the inferior court. The trial *de novo* procedure involves a fresh determination of guilt or innocence by the court of general jurisdiction which is not the court that acted before and has no motive to deal more strictly with a *de novo* defendant than it would with any other. In holding *Pearce* inapplicable to the trial *de novo* procedure, *Colten* overrules Woods v. Ross, supra, and Terry v. Superintendent of Field Unit #9, 454 F.2d 591 (4th Cir. 1972), (holding *inter alia* that a jury could not constitutionally impose a more severe sentence after an "appeal" *de novo*, as prescribed by Va.Code Ann. § 16.1–132). It follows, therefore, that Griffith's detention is legal. Evans v. City of Richmond, supra.

Accordingly, it is ordered that the petition for a writ of habeas corpus should be and is hereby dismissed.