## TERRITORY OF HAWAII *v.* T. YOSHIKAWA.

## NO. 3002.

ARGUED APRIL 25, 1955.                    DECIDED APRIL 28, 1955.

STAINBACK AND RICE, JJ., AND CIRCUIT JUDGE BUCK
IN PLACE OF TOWSE, C. J., ABSENT.

OPINION OF THE COURT BY STAINBACK, J.

This case comes to this court on bill of exceptions from a jury trial in the circuit court of the first judicial circuit.

Defendant-appellant, as the landlord of housing accommodations, was prosecuted for allegedly violating a city ordinance by renting a dwelling house without first petitioning the rent control commission of the City and County of Honolulu to establish a maximum ceiling and the minimum service standards for the housing accommodations.

During the trial of the case defendant offered certain evidence to prove that there did not exist "any emergency arising out of a housing shortage" at the time of the alleged offense of renting a dwelling without having first registered the same with the rent control commission of the City and

County of Honolulu, his contention being that there being no emergency no valid ordinance was in force and effect. Defendant also contended the existence or nonexistence of emergency that would justify such an ordinance was a question of fact for the jury and further contended that the court should take judicial notice that there was no housing emergency.

The prosecution maintained the determination of the validity of an ordinance was solely within the province of the court.

It will be unnecessary to pass upon these points for the reasons given later herein.

At the conclusion of the presentation of the evidence the trial judge gave plaintiff's instructions numbers I to VI inclusive which set forth certain paragraphs from ordinance number 941. These were given over defendant's objection that there was no proof of ordinance number 941 and no certified copy of ordinance number 941 had been produced in evidence so as to permit the court to instruct the jury upon the terms thereof. Defendant further requested the court to instruct the jury to direct a verdict for defendant.

Our statute is specific upon the proof of the existence of an ordinance and its terms. Section 9886, Revised Laws of Hawaii 1945, as amended by Act 195, Session Laws of Hawaii 1945, provides in substance that when it shall be necessary to prove any ordinance of any county of the Territory, etc., "a copy of such ordinance, bearing the certificate, as to its correctness, of the county clerk and under the seal of such county * * * shall be admitted in evidence as prima facie proof of the contents thereof"; that after such compliance with this statute the court may take judicial notice of such ordinance without requiring certified copies of the document to be filed or introduced as exhibits in such case.

So far as the record discloses, there was no compliance with this provision of the statute requiring a certified copy of the ordinance.

The Territory, however, contends that the burden of showing there had been no compliance with section 9886, Revised Laws of Hawaii 1945, as amended, lay with appellant, stating: "This burden of showing that no certified copies of *Ordinance 941,* as amended, were filed with the court had not been met by appellant. Therefore, the Territory contends that appellant's argument hereinabove made is not meritorious." (Answering brief of the Territory of Hawaii, p. 9.)

We do not think that this is law. When a statute provides the method of proof of an ordinance to make it admissible as evidence, that method must be strictly followed. (20 Am. Jur., *Evidence,* § 37, p. 61.)

"Courts of general jurisdiction, whether civil or criminal, will not, as a general rule, take judicial notice of the bylaws and ordinances of municipal corporations; such bylaws and ordinances, like other material facts, must be pleaded and proved." (20 Am. Jur., *Evidence,* § 37, p. 61, *supra.*)

The rule is different as to municipal courts although there is some doubt as to whether such court is required to take judicial notice or whether it is merely discretionary. (20 Am. Jur., *Evidence,* § 37, p. 61, *supra.*)

It was stated in *Gardner* v. *Capital Transit Co.,* 152 F. (2d) 288, 290, as follows: "Appellant argues that the court erred in refusing to take notice of a municipal ordinance of the District of Columbia establishing such a speed limit. We think the trial court was correct, for in the absence of proof of the ordinance, we have often said that municipal ordinances may not be judicially noticed by courts of general jurisdiction, Tipp v. District of Columbia, 69 App. D. C. 400, 102 F. 2d 264, and cases cited there. * * *

In the circumstances, the instruction containing references to the speed limit on the public streets of the District under the provisions of a municipal ordinance should have been, as it was, denied."

"This court does not take judicial notice of city ordinances, and where the ordinance attacked is not before the court, its validity will not be inquired into." (*Stephens* v. *Anderson*, 75 Fla. 575.)

We add that we deem it advisable, if not requisite on constitutional grounds, that in a prosecution for alleged violation of an ordinance, a properly verified copy of the latter should be offered in evidence, even though one has previously been filed in accordance with the provisions of said section 9886, as amended.

In view of the record in this case (that is, the failure of the Territory to prove the existence of and the terms of an ordinance alleged to have been violated) we deem it unnecessary to decide whether the court alone should receive evidence pertaining to the existence of a housing emergency or whether this question should be submitted to the jury.

However, as this subject of rent control is of great importance and the question of its legality will undoubtedly be raised in other proceedings, we call attention to the following:

(1) The constitutionality of rent control is based on a state of emergency and the fact of the existence of an emergency is, in the last analysis, for the court. While a legislative declaration may make out a prima facie case of the existence of the emergency, it is not conclusive. (*Block* v. *Hirsh*, 256 U. S. 135; *Marcus Brown Holding Co.* v. *Feldman*, 256 U. S. 170; *Nebbia* v. *New York*, 291 U. S. 502; *Chastleton Corp.* v. *Sinclair*, 264 U. S. 543; *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210; *Laurel Hill Cemetery* v. *San Francisco*, 216 U. S. 358.)

(2) That while we do not decide that the proof of the emergency upon which the validity of rent control depends, we call attention to the following statements in decisions of the United States Supreme Court:

In the case of *Chastleton Corp.* v. *Sinclair,* 264 U. S. 543, 548, in determining the validity of the rent-control act in the District of Columbia, the court stated: "* * * the Court may ascertain as it sees fit any fact that is merely a ground for laying down a rule of law, and if the question were only whether the statute is in force today, upon the facts that we judicially know we should be compelled to say that the law has ceased to operate. Here however it is material to know the condition of Washington at different dates in the past. Obviously the facts should be accurately ascertained and carefully weighed, and this can be done more conveniently in the Supreme Court of the District than here. The evidence should be preserved so that if necessary it can be considered by this Court."

In *Laurel Hill Cemetery* v. *San Francisco,* 216 U. S. 358, 365, the court said: "It may be, in a matter of this kind, where the finding of fact is merely a premise to laying down a rule of law, that this court has power to form its own judgment without the aid of a jury."

A directed verdict for the defendant should have been given by the trial court.

Exception to the court's refusal to give the defendant's requested instruction number A is sustained.

*H. C. Schnack* and *F. Schnack* (also on the briefs) for appellant.

*H. W. C. Wong,* Assistant Public Prosecutor (*R. E. St. Sure,* Public Prosecutor, with him on the brief), for appellee.