Francis T. LEMIEUX, Petitioner, Appellee,

v.

Allan L. ROBBINS, Warden, Maine State Prison, Respondent, Appellant.

No. 7296.

United States Court of Appeals First Circuit.

Heard June 3, 1969.

Decided Aug. 22, 1969.

John W. Benoit, Jr., Asst. Atty. Gen., for appellant.

Jeremiah D. Newbury, Portland, Me., with whom S. Mason Pratt, Jr., and Pierce, Atwood, Scribner, Allen & McKusick, Portland, Me., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

On April 29, 1966 petitioner Lemieux assaulted one Judy Files. A complaint was lodged against him in the local district court charging an offense under 17 Maine R.S.A. § 201.[1] Petitioner pleaded

---

1. "Whoever unlawfully attempts to strike, hit, touch or do any violence to another however small, in a wanton, willful, angry or insulting manner, having an intention and existing ability to do some violence to such person, is guilty of an assault. If such attempt is carried into effect, he is guilty of an assault and battery. Any person convicted of either offense, when it is not of a high and aggravated nature, shall be punished by a fine of not more than $100 or by imprisonment for not more than 6 months, or by both. When the offense is of a high and aggravated nature, the person convicted of either offense shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 5 years, when no other punishment is prescribed."

not guilty. Following trial to the court he was found guilty and fined. Pursuant to Maine District Court Criminal Rules 37(a), 39(a), and (b) he "appealed" to the Superior Court for a trial de novo to a jury. The state thereupon presented petitioner to a grand jury, which indicted him for the same assault, following which action the state dismissed the complaint. Petitioner was tried to a jury in the Superior Court on the indictment, found guilty, and sentenced to a term of 1½ years—5 years.[2] Post-conviction relief having failed in the state court, petitioner brought habeas corpus proceedings in the District Court to obtain his discharge. The court ordered the relief, 294 F.Supp. 1171, and the state appeals.

■ We will deal first with the issue of double jeopardy, extensively argued by the petitioner but not reached by the court below. This claim has two aspects. The simple one, that placing petitioner in the position of having his sentence increased constituted double jeopardy, has now been resolved against him by North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 6/23/69). Failing here, petitioner makes a more complex argument: that he was convicted in the Superior Court of a different, and greater, offense, albeit under the same statute, in violation of Green v. United States, 1957, 355 U. S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199.

Until recently the Maine court held that simple assault and aggravated assault were the same offense, and that the difference was only in the sentence. State v. McKrackern, 1945, 141 Me. 194, 207–208, 41 A.2d 817, 822. *Accord,* State v. Bey, 1965, 161 Me. 23, 206 A.2d 413; Rell v. State, 1939, 136 Me. 322, 9 A.2d 129, 125 A.L.R. 602. Subsequent to petitioner's conviction the Supreme Judicial Court held in State v. Ferris, 1969, Me., 249 A.2d 523 that a defendant is entitled to a jury determination of the element of aggravation. From this rul-

ing it may be argued that aggravated assault is a separate offense. However, even if we were to disregard the court's pronouncement of non-retrospectivity of this ruling, petitioner is not helped by a concept of two offenses.

■ In *Green* the defendant, tried for first degree murder and convicted of murder in the second degree, obtained a new trial, only to be convicted of a first degree killing. The Court set this conviction aside, holding that the defendant had been duly acquitted of this offense at the first trial. This principle is inapplicable to the petitioner. The state district court had jurisdiction only over misdemeanors, 4 Maine R.S.A. §§ 152, 165, and therefore could not convict petitioner of aggravated assault, whether there be one offense, or two. Since it could not convict him, he was not in jeopardy. State v. Barnette, 1962, 158 Me. 117, 179 A.2d 800; Commonwealth v. Mahoney, 1954, 331 Mass. 510, 120 N. E.2d 645. See Kirchheimer, The Act, the Offense, and Double Jeopardy, 58 Yale L.J. 513, 530 & n.78 (1949). Cf. Diaz v. United States, 1912, 223 U.S. 442, 32 S. Ct. 250, 56 L.Ed. 500. Petitioner attaches significance to the fact that the district court did not exercise its option to bind him over to the Superior Court. This amounts to no more than a failure to find probable cause for prosecution for the aggravated offense. This is not jeopardy. United States ex rel. Rutz v. Levy, 1925, 268 U.S. 390, 45 S.Ct. 516, 69 L.Ed. 1010; Wampler v. Warden of the Maryland Penitentiary, D.Md., 1963, 218 F.Supp. 876.

We turn to the more difficult question whether permitting the state to impose a larger sentence following defendant's "appeal" was, as found by the court below, an unconstitutional limitation on the right of appeal. The court relied upon Marano v. United States, 1 Cir., 1967, 374 F.2d 583. We believe this reliance misplaced. In *Marano* the defendant, whose conviction was reversed on appeal, was

---

**2.** If petitioner had been tried on the complaint in the Superior Court his maximum sentence would have been six months.

retried and again convicted. Stating that the evidence on the second trial showed the defendant to have been more deeply connected with the offense than he had previously appeared to be, the district court imposed a larger sentence. We reversed, holding that it was constitutionally impermissible to expose the defendant to a higher sentence for such a reason as the price of taking an appeal. We did not say, however, as the court did subsequently in Patton v. North Carolina, 4 Cir., 1967, 381 F.2d 636, 641, that under no circumstances could a larger sentence be imposed. We recognized possible grounds for an increase, saying by way of dictum that the sentencing court might take into consideration subsequent conduct of the defendant. 374 F.2d at 585. By this we meant that our statement in Worcester v. Commissioner of Internal Revenue, 1 Cir., 1966, 370 F.2d 713, 718, that an appeal must be "unfettered," did not mean that no "chilling effect" could ever be attached to an appeal; the question must be one of reasonableness. We find this view precisely confirmed by the Supreme Court in North Carolina v. Pearce, *supra*.

With this background we examine the present procedure, finding it very different from what was involved in *Marano*. Petitioner's so-called appeal was not an appeal predicated upon, or dependent upon, error, but was a claim, as of right, of a trial de novo. M.D.Ct. Crim.R. 37(a), 39(b). From the Superior Court the defendant could have the customary appeal to the Supreme Judicial Court. The purpose of the district court "appeal" was to afford petitioner his right to a jury trial under the state

constitution.[3] To say that to cause him to lose the "benefit" of the district court sentence incumbers or "chills" this appeal is to assume the point. Rather, the question is, was the state constitutionally obliged to grant him this benefit, or was the procedure as a whole a reasonable one.

In answering this question we must have in mind that a defendant gives up nothing by going to trial in the district court. Nor, unlike the situation in *Pearce*, need he demonstrate error, constitutional or other, in a first trial to secure a second trial, which very proof of error gives the state the opportunity to increase the punishment. Such is indeed a one way street. Here we deal with a two way street. Defendant has the benefit of two full opportunities for acquittal. If he fails to gain acquittal in the district court, his mere exercise of his right to "appeal" not only gives him a new trial but vacates the judgment and removes the entire case to the Superior Court. The state is willing to accept this in the long-run interest of reducing the load on the Superior Court. The defendant need not accept it at all.[4] If he does accept it, both he and the state start at parity; should he elect to take advantage of a second and fresh opportunity, it does not seem unfair to us that, absent affirmative proof of vindictiveness, they should start again at parity.

■ We realize that if a defendant chooses a district court trial he may thereafter be reluctant to seek correction of any errors committed therein if to do so he must risk a sentence he considers favorable. In this sense the state

---

3. In Maine, it has been said, there is apparently no limitation on the right of one accused of even petty offenses to obtain a trial by jury on appeal from a court of limited jurisdiction. 3 Glassman, Maine Practice, Rules of Criminal Procedure, § 23.2. In any event, in the absence of waiver manifestly petitioner could not have received his present sentence without a jury trial. Duncan v. Louisiana, 1968,

391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491.

4. A defendant need not even go to trial in the district court if he does not wish to. Under District Court Criminal Rule 40 the defendant may plead not guilty and waive a hearing. The court will then impose sentence and the defendant may appeal forthwith to the Superior Court.

**356**

has "chilled" his exercise of appeal. However, the "right" to appeal is by no means an absolute one. Indeed, the Supreme Court has never held that a state must establish channels of appellate review, only that once established, the state must refrain from placing unreasonable restrictions on access. *See* North Carolina v. Pearce, *supra,* 395 U.S. at 724, 89 S.Ct. 2072; cf. United States v. Coke, 2 Cir., 1968, 404 F.2d 836, 843. But even assuming that there is a constitutional right to some sort of post-conviction review, *see* Van Alstyne, In Gideon's Wake: Harsher Penalties and the "Successful" Criminal Appellant, 74 Yale L.J. 606, 613 & n.25 (1965), procedures which merely "chill" this right must be tolerated if they support legitimate state objectives and are fair and reasonable.

■ Looking at the total circumstances, where the state offers the defendant a full trial, with full right of appeal therefrom, in the Superior Court, we do not think it unreasonable for it to restrict the appeal from the district court in the sense here complained of. Were we to hold that the district court sentence was subject to *Marano* conditions one of two results would be likely to occur. Either the district courts would tend to give maximum sentences out of caution, in the interest of the state, which, in turn, would have the effect of encouraging "appeals," or, if the district courts tended to give small sentences, the state would be led to avoid the vesting consequences by initiating cases in the Superior Court in the first instance. The state's two step procedure has a legitimate purpose. We see no occasion for us to expose it to any such dilemma. Rather, we hold the defendant has no constitutional right to complain of a "chilling effect" when, in effect, he need not stand in the draft in the first instance.

The judgment of the District Court is vacated. The petition is dismissed.