STATE OF HAWAII *v.* CLARENCE N. S. SHAK.

No. 4882.

MARCH 11, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE M. DOI IN PLACE OF KOBAYASHI, J., DISQUALIFIED.

*Per Curiam.* Clarence Shak, on August 25, 1968, drove through the intersection of Nimitz Highway and Sand Island Access Road against the red light. He was tried, convicted, and sentenced to pay a fine of $25 in the district court. He appealed to the circuit court, where he was tried, convicted, and sentenced to pay a fine of $200.

The Supreme Court in *North Carolina* v. *Pearce,* 395 U.S. 711 (1969), held that the due process clause of the 14th amendment prohibits a judge from giving a more severe sentence to a defendant upon retrial for the same offense as a penalty for exercising his rights to appeal or collaterally attack a conviction. In order to ascertain the judge's motivation in imposing a higher sentence and to delineate the constitutionally permissible area for in-

creased sentence, the court promulgated the following test at page 726:

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

The record in this case reveals only the following:

"The court will fine—well, it seems to me Mr. Shak, this violation is just one of many that you have been charged with. It seems to be a pattern that you utterly disregard traffic lights in the city. The court will impose the maximum fine. I understand of $200?"

Since there is no factual data in the record concerning identifiable conduct of the defendant occurring after the time of original sentencing, the increased sentence is unconstitutional under *North Carolina* v. *Pearce, supra.* The portion of the judgment increasing the fine to $200 is reversed, and the original fine of $25 reinstated.

Shak has tried to raise here for the first time the contention that the ordinance, which he was convicted of violating, was never proven in the circuit court and thus his conviction must be reversed, relying on *Territory* v. *Yoshikawa,* 41 Haw. 45 (1955).

HRS § 622-13 provides in pertinent part:

"A certified copy or copies of an ordinance or ordinances of any county may be filed by the clerk of the county with any court or magistrate and thereafter the court or magistrate may take judicial

notice of the ordinance or ordinances and the contents thereof in any cause, without requiring a certified copy or copies to be filed or introduced as exhibits in such cause."

This court construed this statute in *Territory* v. *Yoshikawa, supra,* to mean (1) that an ordinance could not be judicially noticed unless it was filed in accordance with the statute, or a certified copy was introduced in evidence; (2) that in a criminal prosecution for alleged violation of an ordinance the prosecution has the burden of proving compliance with HRS § 622-13; and (3) that in all such prosecutions this court advised introduction of a verified copy of the ordinance, even though filed in accordance with the statute. We reaffirm that case.

However, in that case defendant objected in the trial court to instructions based on an ordinance that had not been introduced in evidence. Defendant's objection was overruled. Despite the objection the prosecution never showed compliance with the statute or offered a certified copy as evidence. In this case, the defendant did not object or question in any way in the trial court the existence or contents of this ordinance. While it is true that once defendant objects, the burden is on the prosecution to show compliance with the statute, absent an objection by the defendant the judge may take judicial notice of all filed ordinances. Ordinance 2553, Sec. 15-6.4(3)(a) is properly on file.

The refusal of the trial court to honor the defendant's demand for a jury trial is supported by *State* v. *Shak,* ante p. 612, filed March 6, 1970.

The other contentions of Shak are without merit and the judgment as modified is affirmed.

*Clarence Shak,* defendant-appellant in person.

*Lloyd Ching,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, and *Barry Rubin,* Deputy Prosecuting Attorney, on the brief) for plaintiff-appellee.