475 P.2d 235

**Ann Miller BRONSTEIN, Petitioner,**

v.

**The SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF MARICOPA, and Harold D. Martin, a Judge thereof, Respondents.**

**No. 10047.**

Supreme Court of Arizona,
In Banc.

Oct. 9, 1970.

James T. Bialac, Phoenix, for petitioner.

Moise Berger, Maricopa County Atty., by Keith R. Lalliss, Deputy County Atty., Phoenix, for respondents.

HAYS, Justice.

Petitioner was convicted in the City Court of Phoenix of a misdemeanor traffic offense and fined $10.00. Petitioner appealed to the Superior Court of Arizona where a trial *de novo* was held and petitioner was again found guilty, this time being fined $20.00. Petitioner is before this Court by petition for special action alleging that the Superior Court violated the due process clause of the Fourteenth Amendment when it doubled the fine levied upon petitioner in the previous proceeding. We agree with this position.

In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) the United States Supreme Court held that even though there is no constitutional prohibition to the imposition of a more severe sentence on re-conviction after a successful appeal, the likelihood of vindictive attitudes entering into the sentencing procedure requires the sentencing judge to negate any such inference by stating his reasons on the record. In North Carolina v. Pearce, supra, the Court said:

"Due process of law * * * requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction,

due process also requires that a defendant be freed of apprehension of such retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." 89 S.Ct. at 2080–2081.

Recently, the Supreme Court of Hawaii in State v. Shak, 466 P.2d 420 (1970), in a case similar to the one before this Court, held unconstitutional an increased fine after a trial *de novo*. In *Shak* the appellant was convicted of a traffic offense and fined $25. Appellant appealed to the circuit court where he was again convicted, this time being sentenced to pay a fine of $200. The Court in *Shak*, relying upon North Carolina v. Pearce, supra, held that the increased fine after the second trial was unconstitutional where there was no factual data in the record concerning identifiable conduct of appellant which occurred after the time of original sentencing which would justify the increased sentence. This Court is aware of the existence of several cases from other jurisdictions which have reached conclusions contrary to that of *Shak* while attempting to distinguish *Pearce*. See, e. g., Lemieux v. Robbins, 414 F.2d 353 (1st Cir. 1969); People v. Olary, 382 Mich. 559, 170 N.W.2d 842 (1969); State v. Sparrow, 7 N.C.App. 107, 171 S.E.2d 321 (1969); Evans v. City of Richmond, 210 Va. 403, 171 S.E.2d 247 (1969). We find, however, that the spirit and reasoning of *Pearce* require that a sentencing judge who increases the sentence of one who has been re-convicted in a trial *de novo* set forth his reasons in the record.

In the instant case the trial judge did not set forth in the record reasons that would justify increasing petitioner's sentence; therefore, the increased sentence is unconstitutional under North Carolina v. Pearce, supra. The portion of the judgment increasing the fine to $20. is reversed and the original fine of $10. is reinstated.

Judgment as modified is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.