Eric M. Mann *vs.* Commonwealth.

Suffolk.  April 5, 1971. — June 15, 1971.

Present: Tauro, C.J., Spalding, Spiegel, Quirico, & Braucher, JJ.

*Practice, Criminal,* Sentence, Appeal to Superior Court. *Constitutional Law,* Due process of law, Trial by jury.

Following conviction and sentence for a crime by a District Court and appeal by the defendant pursuant to G. L. c. 278, § 18, imposition by the Superior Court of a greater sentence for that crime upon a finding of guilty at a de novo trial provided as a matter of right did not violate the due process clause of the Fourteenth Amendment to the Federal Constitution [662]; nor did the possibility of imposition of a greater sentence by the Superior Court unconstitutionally burden the defendant's right to a jury trial [667].

Unrequired statements by a judge of the Superior Court as to his reasons for imposing a sentence on a defendant found guilty of a crime greater than a previous sentence imposed by a District Court upon the defendant for that crime clearly indicated that the Superior Court judge was not motivated by vindictiveness. [665]

Statement of the legitimate interests which the Commonwealth has in the statutory procedure governing appeals from conviction of crime and sentence in a District Court to the Superior Court. [666]

Petition for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on March 2, 1970.

The case was reserved and reported by *Reardon,* J., without decision.

*William P. Homans, Jr.* (*Thomas G. Shapiro* with him) for the petitioner.

*Ruth I. Abrams,* Assistant Attorney General, for the Commonwealth.

Tauro, C.J.  This is a petition for a writ of error brought under G. L. c. 250, §§ 9–13.  The petitioner Eric Mann was found guilty on each of three complaints of assault and battery in the District Court and was sentenced to one year in the house of correction on each complaint, the sentences to run concurrently.  Pursuant to G. L. c. 278, § 18, the

petitioner appealed to the Superior Court where he was found guilty on each of the three complaints and sentenced to two years imprisonment on one complaint, with similar two year sentences on the other two complaints suspended for three years, to run from and after the expiration of the original sentence. Three principal issues are presented for our determination.

1. Whether the validity of the Superior Court sentence may be challenged by a writ of error when the petitioner has not perfected an appeal under G. L. c. 278, § 28, or G. L. c. 278, §§ 33A–33G.[1]

2. Whether the imposition of a higher sentence is in violation of "due process" in the absence in the record of "objective information concerning identifiable conduct on the part of the petitioner occurring after the time of the original sentencing proceeding in the district court."

3. Whether the imposition of a higher sentence by the Superior Court after a de novo trial imposes an impermissible burden on the petitioner's constitutional right to a jury trial.

### *Due Process.*

The petitioner relies on *North Carolina* v. *Pearce,* 395 U. S. 711, as authority for the proposition that the imposition of a greater sentence in the Superior Court after an appeal from the District Court violates his right to due process under the Fourteenth Amendment in the absence of certain other evidence. We believe such reliance is misplaced. The *Pearce* case did not involve a de novo trial; *both* trials were in the Superior Court and *both* sentences were imposed by the Superior Court. The defendant in the *Pearce* case was successful in securing a new trial *only* because of error in the first trial. In the instant case the petitioner had a de novo trial in the Superior Court *as a matter of right* without allegation or proof of error.

---

[1] We pass this procedural question. The Commonwealth's position is that, "Since the resolution of this issue is important for the administration of justice . . . this Court should decide the main issue." We agree.

In some instances legal error on the part of a District Court judge might be a motivating factor in an appeal to the Superior Court. In the vast majority of cases, the appeal is, in reality, grounded on the lower court's factual determination of the defendant's guilt, and on the judge's assessment of punishment. Thus, in effect, by appeal the defendant has "two bites at the cherry." If he prefers not to disclose his defence in the District Court he can hear the Commonwealth's case and, if convicted, appeal. He can achieve the same result by admitting to a finding, claiming an appeal if dissatisfied with the sentence, and thereby obtaining a trial de novo upon a clean slate.

The petitioner complains that the procedure has a chilling effect on his right of appeal. "In answering this question we must have in mind that a defendant gives up nothing by going to trial in the district court. . . . Looking at the total circumstances, where the state offers the defendant a full trial, with full right of appeal therefrom, in the Superior Court, we do not think it unreasonable for it to restrict the appeal from the district court in the sense here complained of. . . . The state's two step procedure has a legitimate purpose." *Lemieux* v. *Robbins*, 414 F. 2d 353, 355–356 (1st Cir.), cert. den. 397 U. S. 1017. The Commonwealth's interest is not in dealing more harshly with the defendant if he appeals but rather that the Superior Court judge "use his own independent judgment, based upon the *facts as they appear in the trial before him*, in imposing punishment . . ." (emphasis supplied). *State* v. *Sparrow*, 276 N. C. 499, at 508. If the defendant decides "to take advantage of a second and fresh opportunity, it does not seem unfair to us that, absent affirmative proof of vindictiveness, they [the State and the defendant] should start again at parity." *Lemieux* v. *Robbins*, 414 F. 2d at 355.

In dealing with this problem the United States Supreme Court in the *Pearce* case stated that "the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction." P. 719. It dismissed an alternative argument by saying that "[t]o fit the problem

of this case into an equal protection framework is a task too Procrustean to be rationally accomplished." P. 723. The Supreme Court has held only that channels of appellate review, once established, "must be kept free of *unreasoned distinctions* that can only impede open and equal access to the courts. *Griffin* v. *Illinois,* 351 U. S. 12; *Douglas* v. *California,* 372 U. S. 353; *Lane* v. *Brown,* 372 U. S. 477; *Draper* v. *Washington,* 372 U. S. 487" (emphasis supplied). *Rinaldi* v. *Yeager,* 384 U. S. 305, 310–311.

In Massachusetts, the legislation permits a de novo Superior Court trial for the defendant in all aspects of the case but it does not provide a method of reviewing error of law committed in the course of the trial in the District Courts.[2] See G. L. c. 250, § 9. It is reasonable to conclude that the Legislature intended that, upon appeal, the question of guilt, the sentencing power and all related matters be transferred to the Superior Court for determination completely divorced from the record of the prior trial.[3] We need not speculate whether convictions in the District Court resulted from error. The legislative intent is clear that the sentence in the Superior Court upon retrial and after conviction shall be pronounced only after the fresh introduction of evidence against the defendant. Thus, the reasoning in the *Lemieux* case is applicable to the instant case. A defendant not only "gives up nothing by going to trial in the district court" but he actually gains the distinct advantage of a preview of the prosecution's case without having to disclose his own.

---

[2] In Maine, for example, the setting for *Lemieux* v. *Robbins,* 414 F. 2d 353, the defendant may choose not to be tried at the District Court level. He may plead not guilty, waive a hearing, and obtain a trial in the Superior Court. Maine Dist. Ct. Crim. Rule 40.

While it is true that in Massachusetts the defendant cannot waive a trial at the District Court level, he can, however, avoid a trial by admitting a finding of guilt and appeal or he can listen to the Commonwealth's evidence and rest and then appeal if found guilty.

[3] See *Duncan* v. *Louisiana,* 391 U. S. 145. In Massachusetts the defendant may do this in two ways; if found guilty of certain misdemeanors in selected District Courts, he may appeal and claim a trial by jury of six at the District Court level. St. 1964, c. 656, et seq. He may also appeal to a twelve man jury in the Superior Court pursuant to G. L. c. 212, § 6, and G. L. c. 278, § 18.

If he is found guilty he can appeal. If he is found not guilty that is the end of the case because "double jeopardy" precludes an appeal by the State.


### *Vindictiveness.*

Irrespective of the holdings in the *Pearce* case, allegation and proof of vindictiveness on the part of a judge may be a violation of due process in *any* case. This is true whether the sentence is pronounced following the first trial or after a second trial on appeal. In the instant case there is no allegation of vindictiveness on the part of the judge, much less proof of such conduct. See *Moon* v. *Maryland,* 398 U. S. 319. Although not required, the record clearly indicates that the judge was not motivated by vindictiveness in increasing the sentence. On the contrary the judge gave cogent and succinct reasons for his action.[4]

In the absence of facts and circumstances peculiar to the *Pearce* case, there is no duty upon a judge to establish on the record absence of vindictiveness. To require so demeaning a procedure would serve to erode the inherent authority and discretionary power of our trial courts. In *Moon* v. *Maryland,* 398 U. S. 319, the court stated, "We held in that case [*North Carolina* v. *Pearce*] that there exists no absolute constitutional bar to the imposition of a harsher sentence upon retrial, but that due process 'requires that vindictiveness . . . must play no part in the sentence . . . [a defendant] receives after a new trial.'" In dismissing the writ for certiorari the court stated that the "dispositive development" in its dismissal of the writ was that "counsel

---

[4] The judge stated: "The attacks on the victims were vicious and premeditated. Homicide is merely an assault and battery that ends in death. This defendant is lucky that none of the victims here had a weak heart or a weak artery.

"I am loath, always loath, to impose a sentence that is higher in this court than the sentence that was imposed in the lower court because no defendant should be prejudiced certainly because he claims his right to a jury trial, but what the posture of the evidence was in the lower court is one thing, but as the evidence came in here I was shocked at the viciousness of the attacks, and I have taken that into consideration in imposing sentence."

forthrightly stated in the course of oral argument, 'I have never contended that Judge Pugh was vindictive.'" Pp. 320–321.

### State Interest.

The petitioner argues that the State has no legitimate objective in imposing a procedure which has a "chilling effect" on the right to appeal because of the fear of greater punishment. We have previously discussed the issue of "chilling effect." We believe that the State does have a further legitimate interest in the procedure and that is to maintain the orderly and effective administration of criminal justice. The State also has a legitimate interest in discouraging frivolous appeals and so long as the enabling legislation is not arbitrary and unreasonably discriminatory, there is no constitutional infirmity. *Rinaldi* v. *Yeager,* 384 U. S. 305. That a defendant may be reluctant to appeal a conviction from the District Court level because of a fear that he might receive a more severe sentence after a trial de novo is not dispositive of the issue. As we have stated before the right to appeal is not absolute; indeed, the Supreme Court has never held that a State must constitutionally provide for appeals. The Constitution requires only that the appellate procedure, when established, be free of "unreasoned distinctions." *North Carolina* v. *Pearce,* 395 U. S. 711, 724. We believe that *de novo sentencing* after a *trial de novo* is not unreasonable. The defendant's appeal from the District Court wipes out the lower court action entirely. In the case of a finding of guilt and sentence, it wipes out both and in a case of a plea and sentence it wipes out the sentence. After an appeal the finding or sentence of the District Court has no force and effect for any purpose on a judge of the Superior Court. To permit a defendant to appeal with something to gain and nothing to lose would reduce the function of the Superior Court to that of determining whether the penalties imposed by the District Court should be lessened. Our statutes impose no such limitation on the Superior Court.

*Jury Trial.*

We do not agree with the petitioner's contention that the imposition of a greater sentence after a de novo trial unconstitutionally burdens his right to a jury trial. Legislation which permits a de novo trial with the possibility of a harsher sentence is not arbitrary or unreasonable so as to interfere with the right to a jury trial. The right of appeal under G. L. c. 278, § 18, is not discriminatory. It is available to *every* defendant and all those who avail themselves of the right to a de novo trial are equally subject to a greater sentence. Other reasons why no unconstitutional burden is imposed on the petitioner's right to a jury trial we have previously discussed in connection with the petitioner's right to appeal. See *Hicks* v. *Commonwealth,* 345 Mass. 89; *Walsh* v. *Commonwealth,* 358 Mass. 193. *United States* v. *Jackson,* 390 U. S. 570, relied on by the petitioner has no application. In the *Jackson* case the death sentence could be imposed only if the defendant insisted on trial by jury. Clearly, Jackson's right to a jury trial was burdened unconstitutionally by such provision. In the present case the previous sentence is annulled by the petitioner's appeal and he is given an untrammelled right to a jury trial. He is harmed in no way. Courts of other jurisdictions are almost evenly divided in holding the *Pearce* case applicable[5] or inapplicable[6] to the trial de novo situation. We conclude that there was no violation of due process nor was there any violation of the petitioner's constitutional right to a jury trial.

*Judgments affirmed.*

---

[5] *United States* v. *Gambert,* 433 F. 2d 321 (4th Cir.). *Wood* v. *Ross,* 434 F. 2d 297 (4th Cir.), cert. granted sub nom. *North Carolina* v. *Rice,* 401 U. S.1008. *Torrance* v. *Henry,* 304 F. Supp. 725 (E.D. N.C.). *Bronstein* v. *Superior Court,* 106 Ariz. 251. *State* v. *Shak,* 51 Hawaii, 626, cert. den. 400 U. S. 930. *Cherry* v. *State,* 9 Md. App. 416.

[6] *Lemieux* v. *Robbins,* 414 F. 2d 353 (1st Cir.), cert. den. 397 U. S. 1017. *People* v. *Olary,* 382 Mich. 559. *State* v. *Stanosheck,* 186 Neb. 17. *State* v. *Spencer,* 276 N. C. 535. *Evans* v. *Richmond,* 210 Va. 403.