501 P.2d 559

**Jon Daniel THIGPEN, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF COCONINO; The Honorable Laurance T. Wren, Judge of the Superior Court; Cecil Richardson, Sheriff of Coconino County, Respondents.**

No. 10980.

Supreme Court of Arizona, In Division.

Oct. 6, 1972.

States, Meyer & Vucichevich, by Dale L. States, Phoenix, for petitioner.

Gary K. Nelson, Atty. Gen., by William J. Schafer III, Chief Counsel, Crim. Div., Phoenix, for respondents.

CAMERON, Vice Chief Justice.

This is a petition for special action to review a judgment of guilty and sentence by the Superior Court of Coconino County after an appeal from Justice Court.

We are called upon to answer one question: Does the Superior Court, in a criminal case that is appealed from the Justice Court (§ 22–371 et seq., A.R.S.), have jurisdiction to impose punishment in excess of that imposed in the Justice Court?

The facts necessary for a determination of this matter on appeal are as follows. Petitioner was convicted in the Justice Court of Flagstaff Precinct, Coconino County, Arizona, on two counts of receiving stolen property and was sentenced to pay a fine of $200 (§ 13–621 A.R.S.). The petitioner thereafter appealed the conviction to the Coconino County Superior Court and after a trial de novo, on 23 May 1972, the petitioner was again adjudged guilty and was sentenced to serve a term of 60 days in the Coconino County Jail on each count and ordered to pay a fine of

$200 on each count (120 days and $400 as compared to $200).

Petitioner petitioned for special action to this court citing the case of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and Bronstein v. Superior Court, 106 Ariz. 251, 475 P.2d 235 (1970). In Bronstein, supra, this court held that North Carolina v. Pearce, supra, prohibited the Superior Court from imposing increased punishment on appeal, after a trial de novo, unless there was factual data in the record concerning conduct following the original sentencing which would justify an increased sentence:

> " * * * We find, however, that the spirit and reasoning of *Pearce* require that a sentencing judge who increases the sentence of one who has been re-convicted in a trial *de novo* set forth his reasons in the record." Bronstein v. Superior Court, supra, at 252, 475 P.2d at 236.

It would appear, however, that our reliance upon North Carolina v. Pearce, supra, was misplaced. The United States Supreme Court, in June of this year, stated:

> "Our view of the Kentucky two-tier system of administering criminal justice, however, does not lead us to believe, and there is nothing in the record or presented in the briefs to show, that the hazard of being penalized for seeking a new trial, which underlay the holding of *Pearce,* also adheres in the *de novo* trial arrangement. * * *
>
> " * * * The inferior court fined Colten $10, the trial *de novo* court $50. We have no basis for concluding that the latter court did anything other than invoke the normal processes of a criminal trial and then to sentence in accordance with the normal standards applied in that court to cases tried there in the first instance. We cannot conclude, on the basis of the present record or our understanding, that the prophylactic rule announced in *Pearce* is appropriate in the context of the system by which Kentucky administers criminal justice in the less serious criminal cases." Colten v. Commonwealth of Kentucky, 407 U.S. 104, 116, 118, 92 S.Ct. 1953, 1960, 1961, 32 L.Ed.2d 584, 593, 594 (1972).

It is apparent from reading the case of Colten v. Commonwealth of Kentucky, supra, that North Carolina v. Pearce, supra, does not prohibit our Superior Court, in a trial de novo, from assessing a greater penalty than that assessed in the Justice Court, even absent a record showing conduct between the trial in Justice Court and the Superior Court which would justify increased punishment.

Bronstein's, supra, reliance upon Pearce, supra, not being mandated by the federal courts, we see no reason to continue with the holding set forth in Bronstein, supra, particularly in light of our statute:

> "A. The appeal shall be tried de novo. After a trial or a plea of guilty the superior court may either:
>
> "1. Adjudge guilt and impose such sentence as it deems proper within the limits which might have been imposed by the court of origin." § 22–374 A.R.S.

So much of Bronstein v. Superior Court, supra, holding that a judge who increases the punishment on a trial de novo without setting forth the reasons therefor in the record, is hereby overruled, and the petition for relief in the instant case is hereby denied.

HAYS, C. J., and HOLOHAN, J., concur.