Steven COSTARELLI, Plaintiff,

v.

Robert A. PANORA, Registrar of Motor Vehicles, Defendant.

Civ. A. No. 74–941–T.

United States District Court,
D. Massachusetts.

Dec. 14, 1976.

Robert Hagopian, Cambridge, Mass., for plaintiff.

Terence M. Troyer, Asst. Atty. Gen., Boston, Mass., for defendant.

Before McENTEE, Circuit Judge, and SKINNER and TAURO, District Judges.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

This is an action under 42 U.S.C. § 1983 in which the plaintiff seeks a declaration that M.G.L. c. 90 § 24(2)(c) is unconstitutional and further seeks an injunction of its enforcement against him and all others similarly situated. A three-judge district court has been convened pursuant to 28 U.S.C. §§ 2281 and 2284. The defendant has moved to dismiss the action under Fed.R. Civ.P. 12(b)(6).

The plaintiff was charged in a Massachusetts district court with using a motor vehicle without authority in violation of M.G.L. c. 90 § 24(2)(a). His motion for a trial by jury in the district court was denied. At the trial before the judge, the plaintiff remained silent, offered no evidence, and after the finding of guilty, took a timely appeal to the Superior Court, in which court he was entitled to a trial de novo to a jury.

Under the mandatory provisions of M.G.L. c. 90 § 24(2)(c), the statute here challenged, the defendant Registrar of Motor Vehicles was required to revoke the plaintiff's license forthwith, before the case was heard in the Superior Court. He was restrained from doing so by a Temporary Restraining Order entered in this case by Judge Tauro. The Temporary Restraining Order has been continued in force during the pendency of this action.

The plaintiff attacks the mandatory revocation provision on two grounds:

(1) That he suffered deprivation of a valuable right without due process

(2) That the revocation provision of M.G.L. c. 90 § 2(a)(c) [§ 24(2)(a, c)] constitutes an unconstitutional penalty on the right to trial by jury in the Massachusetts "two tier trial de novo system."

The first issue was determined adversely to the plaintiff by a three-judge court in Almeida v. Lucey, 372 F.Supp. 109 (D.Mass.), aff'd, 419 U.S. 806, 95 S.Ct. 22, 42 L.Ed.2d 36 (1974). The plaintiff seeks to distinguish this case on the ground that unauthorized use of a motor vehicle, as compared to the offense of driving under the influence of intoxicating liquor in Almeida, is not related to highway safety. Thus the revocation of the license is "a criminal penalty." In our view, the cases are indistinguishable. Violation of what is popularly referred to as the "joy riding" statute has a readily discernible relationship to highway safety, and, in any case, a license, even though it is a "right" for purposes of procedural due process, may be revoked for its abuse, regardless of the impact on public safety.

Even though Almeida was summarily affirmed, we rely on it as persuasive, not controlling precedent. Examination of the jurisdictional statement submitted to the Supreme Court on appeal reveals that the

issue decided by the District Court was expressly excluded from the jurisdictional statement, and the issues presented were those which the District Court had expressly declined to consider. No issue was "properly presented" within the meaning of *Hicks v. Miranda,* 422 U.S. 332, 345, n. 14, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), and consequently no precedential value can be assigned to the affirmance.[1]

In his dissent in *Almeida,* Judge Tauro expressed concern that the "two-tier" system of criminal trials might be unconstitutional, and the revocation of the license thus resulted from an unconstitutional proceeding in the district court. While we agree with Judge Tauro that *Ludwig v. Commonwealth,* 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976), does not dispose of all the issues in this case, it does dispose of that question.

In *Ludwig,* the Supreme Court sustained the constitutionality of the two-tier system on the ground that it did not burden an accused's right to a jury trial because the accused could effectively by-pass the district court trial by admitting to a finding of guilt, or as the plaintiff did, by electing not to present a defense, and proceeding directly to the Superior Court. The court recognized, more or less as an aside, that there might be "adverse collateral consequences" of a conviction in the district court, such as loss of license. Ludwig's offense did result in an automatic loss of license, but the Registrar could in his discretion rescind the revocation at any time. The court did not squarely face· or answer the question raised by the rationale of *Ludwig,* and present in this case:

> Does the Massachusetts system pose to a person in the plaintiff's position a constitutionally impermissible choice in permit-

ting him to by-pass the first tier trial only at the price of losing his license without a hearing?

The plaintiff asserts that due process requires that the hearing be before the Registrar of Motor Vehicles, a position which was adopted by Judge Tauro in his dissent in *Almeida, supra.*

We are of the opinion, however, that the hearing before the district court judge places no greater burden on the exercise of the right to jury trial, and poses no more constitutionally impermissible a choice than would a hearing before the Registrar of Motor Vehicles. We adopt the reasons stated in the penultimate paragraph of the majority opinion in *Almeida, supra,* p. 112.

Accordingly, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

TAURO, District Judge, dissenting.

I

Under the Massachusetts two-tier system, an accused is required to undergo a bench trial in the district court before being afforded the opportunity of a *de novo* jury trial. Trial at the district court level may not be waived. An accused may obtain a jury trial only after being found guilty by a judge at the district court level, and then filing an "appeal" for jury trial in either the district court or the superior court. Mass.Gen.Laws ch. 278, § 18; ch. 218, § 27A.[1] This second tier proceeding is not an appeal of the district court decision, but is a *de novo* trial on the merits. There is no procedure for reviewing errors of law that may have occurred during criminal trials in the district court. *Mann v. Commonwealth,*

---

1. The state of *Almeida* points up yet another peril in "the *Hicks* rule" in addition to those persuasively exposed by Justice Brennan in his dissent in *Colorado Springs Amusement, Ltd. v. Rizzo,* — U.S. —, 96 S.Ct. 3228, 49 L.Ed.2d 1222 (1976).

1. Mass.Gen.Laws ch. 278, § 18 states in relevant part:

> Whoever is found guilty of a crime before a district court may appeal the finding of guilty or the sentence imposed thereon to the superior court or may appeal to and claim a jury of six in a district court in accordance with section twenty-seven A of chapter two hundred and eighteen and at the time of such finding of guilty or sentencing shall be notified of his right to take such appeal.

359 Mass. 661, 271 N.E.2d 331, 333 (1971); *Almeida v. Lucey,* 372 F.Supp. 109, 114 (D.Mass.1974) (Tauro, J., dissenting).

During the first tier trial, the accused has a "choice" of either presenting a defense or letting the district judge make a decision solely on the basis of the Government's evidence. In the district judge's discretion, an accused may be permitted to admit sufficient facts to warrant conviction, thus permitting a finding of guilt to be made without the Government's having to present its entire case. This abbreviated proceeding is followed, nonetheless, by a finding of guilt, as opposed to one of probable cause. It is this guilty finding, whether entered following full trial or merely after admission of sufficient facts, that is the prerequisite docket entry to an accused having an opportunity for a jury trial.

## II

The plaintiff here was charged in a complaint with using a motor vehicle without authority in violation of Mass.Gen.Laws ch. 90, § 2A. A mandatory consequence of conviction for this offense is revocation of the convicted person's driving license for one year. Mass.Gen.Laws ch. 90, § 24(2)(c).[2] It is this statutory scheme that is the subject of plaintiff's challenge here. This statute provides that the Registrar, given a docket entry of guilt at the district court level, must revoke the convicted person's license for one year. The Registrar has no discretion in the matter, even though the district court proceeding leading to the conviction is not subject to review, and is a nullity[3] once a request for a *de novo* jury trial has been filed. *Mann v. Commonwealth, supra,* 271 N.E.2d at 335. The Reg-

istrar's revocation, therefore, is not the result of independent analysis of the circumstances surrounding the alleged offense, but is merely a ministerial act that implements the mandatory portion of the maximum criminal penalty available following conviction.

After having been accused by a complaint filed in the district court, the plaintiff sought an immediate first tier jury trial. His motion to that effect was denied by the district court judge. At that point, the plaintiff had a "choice." He could go through the financial, physical and psychological hardships of a full bench trial in the district court, in an effort to gain a judgment of acquittal at that level. Alternatively, he could remain silent, offer no evidence, conserve his energy and financial resources,[4] take his conviction, and wait for his jury trial before putting on a defense. The plaintiff here chose the latter course. He was found guilty by the district court on February 27, 1974 and, as a result, his driver's license was suspended on May 20, 1974.[5] As of this date, 34 months after his district court conviction, the plaintiff has yet to receive his trial by jury.

The issue here does not involve a challenge to the two-tier system as such. Rather, the precise issue we face is whether the mandatory revocation procedure of Mass. Gen.Laws ch. 90, § 24(2)(c), when considered in the context of the Massachusetts compulsory two-tier system, unconstitutionally burdened the plaintiff's right to a jury trial. My view is that the combination of the mandatory license revocation and the compulsory two-tier system forced the plaintiff to make a constitutionally offensive choice—between his right to a jury

---

**2.** Mass.Gen.Laws ch. 90, § 24(2)(c) provides in relevant part:

. . . [N]o new license or right to operate shall be issued by the registrar . . . to any person convicted of using a motor vehicle knowing that such use is unauthorized, until one year after the date of revocation following his original conviction or adjudication if for a first offense or until three years after the date of revocation following any subsequent conviction or adjudication
. . . . .

**3.** However, should one convicted in the district court default in the Superior Court he may be sentenced on the basis of the district court conviction. Mass.Gen.Laws ch. 278, § 24.

**4.** Lawyers rarely try two cases for the price of one, nor should they be expected to do so when they represent financially capable defendants.

**5.** The revocation was restrained by me on April 2, 1974 for the pendency of this action.

trial[6] and his protected interest in his driver's license.[7] I must, therefore, respectfully dissent from my colleagues' views to the contrary.

The majority states, and I agree, that the Supreme Court's summary affirmance in *Almeida v. Lucey*, 372 F.Supp. 109 (D.Mass. 1975), aff'd 419 U.S. 806, 95 S.Ct. 22, 42 L.Ed.2d 36 (1974), does not control the outcome of this case. I do not agree, however, that *Ludwig v. Commonwealth*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976), supports the majority's view with respect to the merits. To the contrary, I feel that *Ludwig* compels the conclusion that the challenged revocation procedure mandated by Mass.Gen.Laws ch. 90, § 24(2)(c), when considered in the context of the Massachusetts two-tier system, unconstitutionally burdened this plaintiff's right to a jury trial.

*Ludwig* does not stand for the proposition that a two-tier trial system is constitutionally permissible under any terms and conditions. Rather, Justice Blackmun, in finding the Massachusetts system constitutionally sufficient, relies on the availability of an informal nonstatutory procedure by which a defendant may "essentially" avoid trial in the first instance. Implicit, in *Ludwig*, therefore, is the suggestion that a two-tier system might impose unconstitutional burdens where circumstances made avoidance of trial at the first tier impossible or unduly burdensome. This case presents such circumstances and focuses precisely on an issue not dealt with directly in *Ludwig*.

Of particular significance in this case is that *Ludwig* relied heavily on the finding that an accused may "short circuit trial in the first tier," enjoying "his right to trial by jury expeditiously by invoking the . .

procedure of 'admitting sufficient findings of fact.'" 427 U.S. at 626, 96 S.Ct. at 2786. That is, the Court found that the first trial could be avoided without any undue burden, whether it be "financial", "psychological" or "physical." Id. at 626, 96 S.Ct. 2781. Stated another way, if the first tier trial cannot be avoided without incurring an undue financial, physical or psychological burden, then the "choice" is constitutionally offensive as being no real choice at all. *Boyd v. U. S.*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); *Maynard v. Meachum*, 545 F.2d 273 (1st Cir. 1976).

Here, the plaintiff had no real choice. The only way he could avoid a first tier trial was to subject himself to a mandatory revocation of his driver's license. As stated above, this revocation is not independent administrative action by the executive branch of government. It is a mandatory feature of the criminal penalty designed by the legislative branch and implemented by the executive branch as a result of a docket entry of conviction in the judicial branch. There is no opportunity for first-hand analysis of the underlying circumstances by the Registrar. *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *see Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). *Ludwig* sanctions the Massachusetts two-tier system only if an accused is not required to experience an undue burden in order to receive a jury trial. In this day and age, requiring an accused to lose a driver's license in order to obtain a jury trial—one facet of a maximum criminal penalty—is nothing less than the imposition of an unconstitutional burden.[8]

In *Ludwig*, then, the Court based its holding that this two-tier system did not unduly

---

6. *Ludwig v. Commonwealth*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976); *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

7. *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

8. This is particularly so in Suffolk County where the median delay between indictment

and trial is 171 days according to a report filed by the Executive Secretary of the Supreme Judicial Court. *Annual Report to the Justices of the Supreme Judicial Court as of June 30, 1975* (May 1, 1976). Thus, a Suffolk County resident, as is the plaintiff, would suffer loss of a license for approximately six months before even having an opportunity to have his guilt or innocence determined by a jury.

burden the defendant's right to a jury trial on the defendant's ability to "short circuit trial in the first tier by admitting to sufficient findings of fact." 427 U.S. at 630, 96 S.Ct. at 2787. *Almeida* held that revocation of a defendant's license on the basis of the conviction in the district court does not deprive him of due process because of the procedural adequacy of the district court proceeding.[9] Both conditions cannot exist at the same time, and the plaintiff required to choose between them is placed in an untenable position.

In short, the Massachusetts system required the plaintiff to pay too high a price for his opportunity to be tried by a jury. While the two-tier system has been decreed facially constitutional by the Supreme Court, the mandatory sanction imposed by Mass.Gen.Laws ch. 90, § 24(2)(c), superimposed on the compulsory two-tier system, is unconstitutional as applied to someone in the circumstances of this plaintiff.

---

9. *Mann v. Commonwealth, supra; Almeida v. Lucey, supra,* 372 F.Supp. at 114 (Tauro, J., dissenting).

I do not agree that the opportunity for a district court trial can be considered an adequate substitute for a Registrar's hearing in due process terms, because the first tier trial, unlike an administrative hearing before the Registrar, is not subject to any judicial review, not even to determine whether due process was afforded an accused.

Further, any argument that the mandatory system is necessary as a means of promoting highway safety overlooks the fact that the Registrar may hold a revocation hearing any time he deems appropriate. Mass.Gen.Laws ch. 90, §§ 22, 22(a), 22(b).